CASE 32—ACTION FOR NEGLIGENCE CAUSING DEATH—JAN. 13.

## Youngstown Bridge Co. v. White's Admr.
## White's Admr. v. Youngstown Bridge Co.

### APPEAL FROM DAVIESS CIRCUIT COURT.

1. SUMMONS—SERVICE ON AGENT—RETURN.—In an action against a corporation an officer's return of service of summons upon

[18]

"———— Smith who was the chief agent, &c.," is not sufficient to show service of process, (1) for lack of identification of the person and (2) because the words "chief agent" import merely the officer's conclusion; and a judgment on such a return is void.

2. SAME—MOTION TO SET ASIDE JUDGMENT.—In such an action a motion to quash the return and set aside the judgment need not disclose the name of the defendant's chief officer or agent upon whom process could be served, it appearing that plaintiff had already caused notice to be served upon defendant's chief officer in Jefferson county of a motion for leave to amend the officer's return.

HUMPHREY & DAVIE AND GEO. W. JOLLY FOR YOUNGSTOWN BRIDGE CO.

1. The service of the summons on Smith was void because he was not at the time, or at any time, an officer or agent of the Bridge Company. Civil Code, Secs. 51 and 732-33; Harper v. N. N. & M. V. Ry. Co., 90 Ky., 359; G. W. Mining Co. v. Mining Co., 12 Colo., 46; s. c. 13 Am. St. Rep., 204; Daviess County v. Dickerson, 117 U. S., 664; Dixon County v. Field, 111 U. S., 83.

2. The return of the sheriff on the process that it was served on Smith who was the *"chief agent"* of the company was unauthorized by law, meaningless and void.

3. The petition does not state a cause of action. The fault is in the matter and not in the form. Since the county is not liable the same protection extends to the agents and servants which it necessarily employs in performing its functions in building bridges, and public buildings. Downing v. Mason County, 87 Ky., 208; 12 Am. St. Rep., 473; Cooley Con. Lim., 247; Wheatly v. Mercer, &c., 9 Bush, 704; Russell v. County of Devon, 2 Term. Rep., 667; Comrs. of Hamilton County v. Mighels, 7 O. Stat., 123; Mower v. Leicester, 9 Mass., 247; 6 Am. Dec., 63; Askew v. Hale Co., 54 Ala., 639; 25 Am. Rep., 730; Haygood v. Justice, 20 Ga., 845; White v. County of Bond, 58 Ill., 297; 11 Am. Rep., 65; White v. Commissioners, 90 N. C., 437; 47 Am. Rep., 534; Brabham v. Board of Supervisors, 54 Miss., 363; 28 Am. Rep., 352; Reardon v. St. Louis Co., 36 Mo., 555; Board of Com'rs. v. Riggs, 24 Kan., 255; Wood v. County Com'rs., 10 Neb., 552; Livermore v. Board, &c., 29 N. J. L., 245; Wood v. Tipton County, 7 Baxt., 112; 32 Am. Rep., 561; Barnett v. Contra Costa Co., 67 Cal., 77;

Bartlett v. Crozier, 17 Johns, 439; Fry v. County of Albemarle, 86 Va., 195; 19 Am. St. Rep., 879; Mitchell v. Rockland, 52 Me., 118; Eastman v. Meredith, 36 N. H., 284; 72 Am. Dec., 302; Detroit v. Blackeby, 21 Mich., 84; 4 Am. Rep., 450; Granger v. Pulaski Co., 26 Ark., 37; Hollenback v. Winnebago Co., 95 Ill., 148; 35 A. R., 151; Perry v. Worcester, 66 Am. Dec., 431; Gilman v. Contra Costa Co., 68 Am. Dec., 295, notes; Gorman v. Comrs., 1 Idaho, 655; Worden v. Witt, 3 Idaho ——; 39 Pac., 1114; Heigel v. Wichita Co., 84 Tex., 392; 31 Am. St. Rep., 63; Angell & Ames on Corp., Sec. 630, note; Shearman & Redfield on Neg., Sec 256; Thompson on Corp., vol. 6, Sec. 7362; Sussex v. Strader, 3 Harrison, 108; 35 Am. Dec., 530; Wood v. Tipton Co., 7 Baxter, 112; 32 Am. Rep., 561; Brabham v. Hinds Co., 54 Miss., 363; 28 Am. Rep., 352; White v. Bond Co., 58 Ill., 297; 11 Am. Rep., 65, note; Waltham v. Kemper, 55 Ill., 346; 8 Am. Rep., 652; White v. Cowan, 90 N. C., 437; 47 Am. Rep., 534; Hill v. Boston, 122 Mass., 344; 23 Am. Rep., 332; Cooley on Torts (2d ed.) top page, 446; Dillon on Mun. Corp., Sec. 785; Packard v. Voltz, 93 Iowa, ——; s. c. 62 N. W. R., 757; Anderson v. Park, 57 Iowa, 69; 10 N. W. R., 310.

SAME COUNSEL FOR THE BRIDGE COMPANY ON THE APPEAL OF WHITE'S ADMR.

The sheriff should not have been permitted to amend his return (1) because the proposed amendment did not conform to the truth, (2) because the judgment was void and could not be quickened by supplying an omitted process; and (3) because there was no jurisdictional subject-matter alleged.

JOHN FELAND FOR WHITE'S ADMR.

1. The proposed amendment to the sheriff's return of the summons was not to introduce new facts, but to make his original return certain Russell v. Durham, 16 Ky. Law Rep., 516; Tyler v. Jewel, 10 Id., 887; Malone, &c. v. Samuel, 3 A. K. M., 350; Newton v. Prather, 1 Duv., 100; Irving v. Scobee, 5 Litt., 70; Mason, &c., v. Anderson, 3 Mon., 294; Thompson, &c. v. Monroe, 91 Ky., 80; Railroad Co. v. Asbury, 86 Va., 232; 19 Am. St. Rep., 898; Allison v. Thomas, 72 Cal., 562; 1 Am. Rep., 89; Hefflin v. Mc-Minn., 2 Stev., 492; 20 Am. Dec., 58; note to Malone, &c. v. Samuels, 13 Am. Dec., 177.

2. The court should have amended the judgment to make it bear

interest. The omission of this from the original was a clerical misprision. Herndon, &c. v. Ashby, 4 B. M., 491; Wilson, &c. v. Barnes, 13 B. M., 330; Clarke, &c. v. Finnell, &c., 16 B. M., 329; Johnson v. Bank of Kentucky, 2 Duv., 521; Seiler, &c. v. Northern Bank of Kentucky, 86 Ky., 135; Manley v. Trustees, &c., 7 Ky. Law Rep., 825; Bell v. Dowdy, 13 Id., 543; Adam Roth Grocery Co. v. Hopkins, 16 Id., 678; Royal Ins. Co. v. Horton, 7 Id., 84; N. N. & M. V. R. R. Co. v. Thomas, 16 Id., 706.

3. In a collateral proceeding the defendant can not question the validity of the judgment. Thomas, &c. v. Ireland, &c., 88 Ky., 581; Sergeant of Court of Appeals v. George, 5 Litt., 199; Smith, &c. v. Hornback, &c., 3 A. K. M., 392; Taylor v. Lewis, 2 J. J. M., 400; Everett v. Ragan, 1 Ky. Law Rep., 421; Barbour v. Newkirk, 83 Ky., 529; and the officer's return can not be attacked as untrue unless the plaintiff is guilty of fraud. Thomas, &c. v. Ireland, 88 Ky., 581, or, mistake on the officer's part is alleged, Bramblett, &c., v. McVey, 91 Ky., 151. The presumption is in favor of the correctness of the officer's return. Stevenson v. Flournoy, 89 Ky., 561; Sears' Heirs v. Sears' Heirs, 95 Ky., 173; Newcomb's Exr., &c. v. Newcomb, 13 Bush, 544.

4. No authority exists for setting aside a judgment on motion. It can only be done by petition.

HUMPHREY & DAVIE IN REPLY.

Where there has been no service of process the defendant may attack the judgment collaterally. Taylor v. Lewis, 2 J. J. M., cited by counsel for White's Admr., has been expressly overruled by Bramblett v. McVey, 91 Ky., 155.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

These two cases were heard together, the record being the same in each case. White's administrator brought suit against the bridge company, an Ohio corporation, alleging that, under a contract with the properly constituted authorities, the company undertook to build for Daviess county an iron bridge over Rhodes creek, such bridge to be well built and strong, and suitable for the passage over it of the public and such vehicles as are used by the public upon the highways of the country; that the company did build such bridge, to all appearances,

according to contract, and suitable for the uses intended, but that it was so carelessly and negligently built as to be unsafe and dangerous for ordinary vehicles; that, in the transaction of his business, it became necessary for White to drive over the bridge a self-propelling steam engine, to which was attached a wheat thresher; and, that when said engine had gotten fairly upon the bridge, the bridge gave away, on account of the negligent manner of its construction, and White received injuries from which he died. Damages were claimed in the sum of $50,000, on account of the suffering and death of plaintiff's intestate, which were alleged to have been caused by the gross and willful neglect of the company in the construction of the bridge. Summons was issued, and returned with an indorsement as follows: "Executed by delivering a true copy of the within to ——— Smith, who was the chief agent of the Youngstown Bridge Company in the county of Daviess, State of Kentucky, this October 29, 1895. J. S. Mullican, S. D. C., by J. B. Harl, D. S." On January 20, 1896, an order was entered as follows: "Defendants failing to answer, the petition is taken for confessed, and set for trial." At a subsequent day of the term, a jury was summoned; and, after hearing the evidence and instructions, it returned a verdict for $25,000, for which sum and costs a judgment was entered.

At August term, the plaintiff moved the court to allow the sheriff to correct the return on the summons, and to correct the judgment, and the motion was set for hearing on September 10th. The notice stated that the motion would be for leave to the sheriff to amend his return on the summons "by inserting therein the first name or initials of the defendant's chief officer or agent, ——— Smith, on whom the return shows that the process was served," and to

correct the judgment by making it draw interest from date until paid. This notice was executed in Jefferson county by delivering a copy "to John F. O'Brien, the chief officer or agent of said defendant in the State of Kentucky." On the day the motion was set for hearing, the company entered its appearance specially, to object to the granting of plaintiff's motion, and also for the purpose of moving to quash the sheriff's return, on the ground that Smith was not an officer or agent of defendant, and to set aside the judgment. On the hearing of the motions, the company read affidavits of its secretary and treasurer, and of the deputy sheriff who made the original return. The first-named affidavit stated that the affiant, during the year in which the alleged service was made, had chief charge, control, and oversight of the business of the company; that in June, 1895, he was informed by one H. T. Sinnott, a salesman of the company, that the bridge mentioned in the petition had been wrecked, and he thereon directed Sinnott to cause it to be replaced, and was informed that Sinnott sent certain workmen to the site of the bridge, to make such repairs as might be necessary; that he is informed the summons was served upon one ———— Smith on the 29th of October, 1895; that Smith was not at said time, or at any time, the president or vice president or secretary or librarian or cashier or treasurer or clerk or managing agent of the company, or an officer or agent of said company of any kind whatever, but was merely one of the workmen selected by said Sinnott to do the work in repairing said bridge, and that said Smith, whose Christian name affiant does not know, sustained no relation to said company, except as before stated; that the company did not at that time, or at any time, have any known place of business, or any place of business, in

Daviess county, nor was there at that time, or any time, any officer or agent of the company in said county upon whom service of process could be made, or was authorized to be made. The deputy sheriff stated in his affidavit that, by direction of one of plaintiff's attorneys, he delivered a copy of the summons to a man named Smith, who, he was informed by said attorney, was the agent of the Youngstown Bridge Company; that he had no information or knowledge as to whether Smith was an agent of the company other than that derived from the attorney who wrote the return on the summons; and the deputy signed it. The court overruled the motions of both plaintiff and defendant, and both plaintiff and defendant have appealed.

Very many questions have been raised in the argument, but, in our judgment, most of them are not necessary to be decided. Upon the face of the summons, which commanded the sheriff to summon the Youngstown Bridge Company, of Youngstown, Ohio, it appeared that the company was a non-resident of Daviess county and the State of Kentucky. Without considering whether it was necessary for the return to state that the summons was executed *on the Youngstown Bridge Company*, by delivering, etc., we are of opinion that the return is not sufficient evidence of service to sustain a judgment. The name given, "—— Smith," as that of the person to whom the copy was delivered, is as near no name as can be conceived. The return states his agency for the company in the past tense, alleging that he *"was"* the chief agent of the company, etc. It does not show what office he held in the company to constitute him its chief agent in Daviess county ; nor does it show that he held any of the positions which, in subsection 33 of section 732 of the Code, are

enumerated as offices, the holding of one of which might constitute him the company's chief agent, through whom service might be made upon it. The statement in the sheriff's return that he was the chief agent of the company in that county seems to us to be the statement of a legal conclusion of the officer. The court can obtain jurisdiction of a corporation only by service of process on some one of the officers named in subsection 33 of section 732 of the Code; and, in order to give the court such jurisdiction, the return must, at least, show that the copy was delivered to a person who held one of those named offices. Whether, if the officer through whom service is, made be of a grade inferior to that of president, the return must also show that his superiors in office were not to be found in the county, is a question not necessary to be decided. The summons, according to the Code, is to be served upon the president, if to be found in the county; if not, then upon the vice-president, if he can be found therein; and so on. And it is essential that the return show to what officer the copy was delivered, for the question whether he is the chief officer depends upon his being one of the officers named in subsection 33 of section 732. From the return under consideration, which is a statement of the deputy sheriff's conclusion merely, the court can not determine whether the summons was served in accordance with the law.

In Daviess Co. v. Dickinson, 117 U. S. 664, 6 Sup. Ct., 901, the Supreme Court said: "An officer's certificate of a fact which he has no authority to determine is of no legal effect. Dixon Co. v. Field, 111 U. S., 83, 4 Sup. Ct., 315."

In Arkansas Coal Co. v. Haley (Ark.) [34 S. W., 545], the court said: "The return upon the summons issued by the clerk in this action does not show a legal service upon

appellant, because it fails to state that its president or other chief officer was not to be found in the county of Ouachita. Sand. & H. Dig., Sec., 5669; Railroad Co. v. Trout, 32 Ark., 17, 23; Railroad Co. v. Rea, Id., 29; Association v. Hallum, 59 Ark., 583, [28 S. W., 420]; Railway Co. v. Barnes, 35 Ark., 95; Bruce v. Arrington, 22 Ark. 362."

In Cook on Stockholders, (3d Ed.) Sec., 758, it is said: "Where service on an agent is allowed if certain officers can not be found in the county, the return of service on an agent must show that the officers were not within the jurisdiction."

In Barbourville Real-Estate Co. v. Matthews, 14 Ky. Law Rep., 767, the summons against appellant was returned, "Executed on Andrew Johnson;" and an *alias* was returned, "Executed on E. S. Bain, secretary Barbourville Land & Real-Estate Co.," and it was held by the Superior Court that, as there was nothing to show that the person on whom the summons was served was the chief officer or agent of appellant in the county where summons was served, appellant was not before the court, and the judgment against it was void, and the recital in the judgment that defendant had been duly served with summons executed upon its president and secretary did not cure the defect.

In Mars v. Oro Fino Mining Co. (S. D.) 65 N. W., 21, it was held that, "where a sheriff assumes to make service upon a corporation by serving the summons upon an officer or managing agent, his return should show that the service was made upon such officer or managing agent in terms, in order to give the court jurisdiction of the corporation. The return of the sheriff was therefore clearly insufficient to give the court jurisdiction of the defendant."

In Thompson's Commentaries on the Law of Corporations (volume 6, Sec. 7516), in speaking of statutes authorizing service of process against corporations upon any one of their agents or employes, with the qualification that the principal officer shall be served if he reside within the jurisdiction, the law is thus stated: "Under a statute similar to the foregoing, prescribing service upon the chief officers if they reside within the county, and, if not, on certain subordinate officers or agents, it is necessary, to make a service on a special officer or agent good for the return to show that *none of the chief officers* named in the statute *could be found.*" Fee v. Big Sand Iron Co., 13 Ohio St., 563. In the case at bar the return itself did not show service upon the defendant, or give to the circuit court jurisdiction to render the judgment. The judgment was therefore void upon the face of the record.

Objection to the motion to quash is urged on behalf of White's administrator, upon the ground that the motion to quash the return of service did not disclose who was the chief officer through whom service might be made upon the corporation; and an opinion by Judge Hazelrigg in the case of Newport News, etc. v. Thomas, 96 Ky., 614, [29 S. W. 437], is relied upon. Without considering the question whether the statement of the law in this regard in that opinion was not dictum, as the case was determined upon another ground, it is sufficient to say that the affidavit of the company's secretary and treasurer shows that it had no agent in Daviess county upon whom service could be made, and the record discloses that the plaintiff had already had notice served upon the company's chief agent in the State in the county of Jefferson. So that, as the plaintiff knew who was the person upon whom service might be made, and

Vol. 105]        JANUARY TERM, 1899.                283

where he could be found, it was unnecessary for defendant to make disclosure in that regard.

The motion to quash the return and set aside the judgment should therefore have been sustained.

Upon the hearing of the motion, no evidence was offered by the plaintiff to show that the return could be amended, but, on the contrary, the affidavit of the deputy sheriff filed by the company tended to show that he could not supply the missing Christian name or initials. It is true that, at a subsequent day, another affidavit of the deputy sheriff was offered, stating that he knew the initials of the man Smith to whom the copy of the summons had been delivered. But, even if amended in that particular, the return would still be insufficient to give the court jurisdiction. It was therefore not error in the court to overrule the motion for leave to the sheriff to amend his return. Wherefore the judgment is affirmed upon the appeal of White's administrator, and reversed upon the appeal of the Youngstown Bridge Company, and the cause remanded, with directions to set aside the judgment and quash the return