CASE 107—ACTION FOR DAMAGES—FEB. 24.

# H. Hermann's Executors, Etc. v. Martin.

### APPEAL FROM KNOTT CIRCUIT COURT.

1. APPEALS—VOID JUDGMENTS—MOTION TO VACATE.—A judgment rendered without the service of process is a void judgment and an appeal can not be prosecuted from same until a motion has been made in the lower court to vacate it. Unless such a motion has been made and overruled, the validity of the judgment may be attacked by an appeal from the order overruling the motion to vacate.

2. SAME—LIMITATION.—Whether the right to prosecute an appeal has been barred by limitation can only be raised by the appellee by a motion to dismiss pursuant to section 757 of the Code or by a plea of limitation as provided by section 758 of the same.

3. JUDGMENT—VOID, WITHOUT SERVICE OF PROCESS.—When an action is brought to vacate a judgment upon the ground that summons was not served upon the defendant, a recital in the judgment is not sufficient evidence of service without other proof, and in the absence of any process upon the defendant a judgment will be held void.

4. SAME—JUDGMENT FOR DAMAGES WITHOUT PROOF. In an action of tort sounding in damages not accompanied by any allegation of an express promise or facts showing an implied promise to pay such damages the plaintiff is not entitled to a judgment in the absence of proof of the amount of said damages.

MARCUM & POLLARD FOR APPELLANT.

1. The judgment appealed from is void because there was no service of process. A recital in the judgment that process had been duly served is merely formal and is insufficient evidence to support a judgment. Long v. Montgomery, 6 Bush, 394; Ruby v. Grace, 2 Duv., 540.

2. If the judgment be not void, it is nevertheless erroneous. The action is in tort and seeks to recover damages and in the absence of proof no judgment could be rendered. Civil Code, sec. 126, sub. sec. 4; 82 Ky., 202.

J. J. C. BACH AND J. M. BAILEY FOR THE APPELLEE.

1. An appeal shall not be granted except within two years next after the right to appeal first accrued. Civil Code, sec. 745; and

H. Herman's Exrs., &c., v. Martin.

an appeal granted by the clerk of the court after the expiration of two years from the time the right first accrued is void.

2. The judgment of a court having jurisdiction of the subject matter and the parties although erroneous, is conclusive, as to all matters determined by it until it has been reversed or vacated in some of the modes known to the law. Honaker v. Cecil, 84 Ky., 202; Crabb v. Larkin, 9 Bush, 154; Francis v. Wood, 81 Ky., 16; Sears v. Sears, 95 Ky., 173; Harpending v. Wylie, 13 Bush, 158; Clark v. Rodes, 12 Bush, 13.

3. In an action for tort a judgment by default is erroneous but not void.

4. A judgment can not be vacated after the term at which it was rendered except in the mode prescribed by sections 340, 344, 518, 519 and 520 of the Civil Code. Hocker v. Gentry, 3 Met., 463; McNamara v. Garnett, 3 Met., 517.

5. There is no practice known to the Code by which a judgment, although erroneous, can be set aside by motion upon notice given.

6. Where a judgment overruling a motion recites that "it was heard it must be presumed that proof was offered and in the absence of a bill of exceptions it must be also presumed that the evidence sustained the court's finding."

7. If several persons commit a tort jointly, the plaintiff has his election to sue some or all of the parties. Buckles v. Lambert, 4 Met., 330, and where they are sued jointly, a joint judgment is proper. Alexander v. Humber, 86 Ky., 565.

MARCUM & POLLARD FOR APPELLANT IN REPLY.

1. An appeal granted by the clerk of the Court of Appeals dates from the filing with him of the copy of the judgment. Jones' Ex. v. Finnell, &c., 8 Bush, 25.

2. Limitation must be pleaded. The question can not be made by motion. Though the record shows that two years had elapsed between the rendition of the judgment and the taking of appeal, limitation must be relied on by answer. Riley v. Reed, 13 Bush, 411.

3. When the proof of value or damage is necessary to authorize judgment on failure to plead, the record must show that there has been an inquest by court or jury. Gould v. Bonds, 1 Bush, 191; Beam v. Hayden, 5 Bush, 428; 82 Ky., 202.

4. Judgment without service of process is void. In the absence of the officer's return showing that process was served, secondary evidence is not competent to sustain the recital in the judgment that process was served until after the absence of the summons (which is the best evidence) is accounted for by evidence.

JUDGE BURNAM DELIVERED THE OPINION OF THE COURT.

Plaintiff sought in this action to recover damages against the defendants upon the ground that they had unlawfully placed five hundred large, green, white oak logs in the creek on which his farm was situated, knowing that they were so heavy that they would not float, and had drifted them to a point below his residence, where they lodged in such a manner as to dam up the waters of the creek so as to change its channel and cause it to wash away valuable bottom land, and to obstruct the road to his residence.

The petition was filed on the 19th of June, 1895, and judgment was rendered by default on the 31st of July, 1895, for the sum of "five hundred," with interest thereon from the first day of August, 1895. The judgment did not show whether it was for dollars, cents or mills.

At the same term of the court in which the judgment was rendered a motion was entered by H. Herman, one of the defendants, to set it aside. This motion was continued, without action on the part of the court, until the April term, 1896, when appellee moved the court to correct the judgment by inserting the word "dollars" after the word "hundred," and at the same term the motion of the defendant Herman, to set aside the judgment was withdrawn.

At the September term, 1897, appellants, as personal representatives of Herman, who had died in the meantime, entered a motion to set aside the judgment rendered against their decedent on various grounds; among others: First, because it had been rendered without any summons having been executed upon their decedent; and, second, because the judgment was rendered by default, no proof having been introduced to establish the amount of damage alleged, and no allegation of any express promise,

or fact showing an implied promise, to pay such damage. The lower court overruled this motion and granted an appeal.

It is insisted by appellee that the appeal can not be entertained by this court, as more than two years had expired after the right to appeal first accrued before the appeal was granted by the clerk of this court, in May, 1898.

If the judgment was void for want of service of process, no appeal could be prosecuted on that ground until there had been a motion to set aside the judgment, and so the right of appeal did not accrue until the motion to set aside the judgment was overruled at the September term, 1897, when the appeal was in fact granted.

The transcript was filed March 21, 1898, which was more than twenty days before the second term after the granting of the appeal, and so there was no obstacle to the prosecution of the appeal granted by the lower court, which was the appeal on which appellant relied when she filed her transcript, as shown by the statement then filed and the clerk's indorsement on the transcript.

That appeal, however, raises only the question whether the judgment is void, and not whether it is erroneous, as it is granted only from the order overruling the motion to set aside the judgment. Therefore, to correct mere errors in the original judgment appellant must rely on the appeal from that judgment granted by the clerk of this court. That appeal, it is true, was not granted until more than two years after the judgment was rendered, but, in the absence of a verified plea, that fact is not available to defeat the appeal.

Section 757 of Bullitt's Code, provides:

"If it appear from the record that an appeal was improperly granted, or that the appellant's right to prose-

cute it further has ceased, the appellee may, upon stating the grounds in writing, move the court to dismiss the appeal."

And section 758 provides:

"If the facts mentioned in section 757 be not shown by the record, the appellee may plead them by a verified answer, to which the appellant may file a verified reply; and the questions of law and fact thereon shall be heard and determined by the court on or after the day on which the case is set for trial."

And it was held in Riley v. Reed, 13 Bush, 411, that it was the practice of this court to require the statute of limitation to be pleaded when an appeal was sought to be dismissed on the ground that it was barred by limitation. In this proceeding appellee has made no motion to dismiss the appeal, stating the grounds in writing on the face of the record, as required by section 757 of the Code, nor by verified answer, as required by section 758; and the question can not be raised for the first time by a brief.

There is nothing in the record to show that there was ever any service of process upon the defendant Herman, and the decretal recital is not sufficient evidence of service without other proof, and a judgment rendered by default, where there has been no service of process upon the defendant, or appearances, is void, and may be reversed upon appeal. (See Long v. Montgomery, 6 Bush, 394; Ruby v. Grace, 2 Duv., 540.)

Besides, this is an action of tort sounding in damages, not accompanied by any allegation of an express promise or facts showing an implied promise to pay such damages, which, under the provisions of section 126 of the Civil Code, must be proven, even if not specifically denied.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.