## Postal Telegraph Cable Company, et al. v. Thornton.

(Decided March 28, 1913.)

### Appeal from Campbell Circuit Court.

1. Corporations—Subsidiary Corporation—Service of Process.—It appearing that a New York corporation has organized subsidiary corporations in Kentucky and Tennessee, and that these subsidiary corporations are only another name for the parent corporation, service of process on an agent of the Kentucky corporation, is sufficient to bring the Tennessee corporation before the court, and the court properly treated the two defendants as one.

2. Verdict—Failure of Telegraph Company to Deliver Message Requesting Postponement of Funeral—Verdict for $674 Not Excessive.—A verdict for $674 for failing to deliver a message requesting the postponement of the funeral of the plaintiff's mother, will not be disturbed as excessive.

3. Telegraph Companies—Agreement of Agent as to Special Charges for Delivery of Message.—If the agent to whom the message is delivered agrees that special charges for delivery shall be paid

by the consignee on the delivery of the message, the company is bound by the agreement, and is liable if the message is not delivered.

THOMAS P. CAROTHERS for appellants.

RAMSEY M. BENTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

The mother of George Thornton died at Mentor, Kentucky, on Sunday, August 2, 1908. On the next day his family sent him a telegram at Memphis, Tennessee, telling him of his mother's death, and that she would be buried on Wednesday. He received this message Tuesday afternoon. After receiving it, he went to the station to learn when the next train left, and as he returned from the station stopped at the office of the Postal Telegraph Cable Company at 3:55 p. m., and sent this telegram to his father, John Thornton:

"John Thornton, Mentor, Ky.

"Postpone funeral. Will be there Wednesday evening."

He reached Mentor Wednesday evening, but when he got there his mother was buried, the telegram which he sent not having been delivered. He brought this suit against the Postal Telegraph Cable Company of Kentucky and the Postal Telegraph Cable Company of Tennessee to recover damages, alleging in his petition that he notified the company that his father resided in the country about three miles from the town of Mentor, and paid it the sum of fifty cents, the charge for sending the message, that he offered to pay it any special or additional charge required for the delivery of the message beyond the city limits of Mentor, but that the company then agreed, in consideration of said sum of fifty cents, to deliver the message to his father at his father's residence, and that any special or additional charge would be made by the defendant's agent receiving the message at Mentor, and collected from his father on the delivery of the message to him at his residence. The process was served in Kentucky on the agent of the Kentucky corporation, for the Tennessee corporation. It moved to quash the process on the ground that the person on whom the process was served was not its agent. The court

overruled its motion, and an answer having been filed by both corporations, the case was tried by a jury, who returned a verdict in favor of the plaintiff for $674. The defendant appeals.

The first point made on the appeal is that the circuit court erred in overruling the motion of the Tennessee corporation to quash the process. The facts as shown by the record on this question are these: There is a New York corporation known as the Postal Telegraph Cable Company. This corporation has organized a subsidiary corporation doing business in Kentucky known as the Postal Telegraph Cable Company of Kentucky, and has also organized a similar subsidiary corporation in Tennessee; but the directors of the Tennessee and Kentucky corporations are the directors of the parent corporation in New York; the stock of the subsidiary corporations are owned by it. The Kentucky corporation has at its chief office in Kentucky only a local manager, the real business of the corporation being all transacted in New York. The Tennessee corporation is managed practically in the same way. Without going into details, we conclude that the facts here are practically the same as in Southern Railway Company in Ky. v. Thomas, 28 R., 951, and that the circuit court did not err in holding that the Kentucky corporation and the Tennessee corporation were simply another name for the parent corporation in New York, and in treating the two corporations as one defendant.

While the evidence is conflicting we cannot say that the verdict of the jury is palpably against the evidence. The plaintiff testified to the facts set out in his petition which are sufficient to warrant a recovery, and were found to be true by the jury under the instructions of the court, which aptly submitted the issue to the jury. The proof for the defendant showed that there was no promise to deliver the message to his father and collect the delivery charges from him. But the credibility of the witnesses is for the jury, and we cannot disturb their finding because they credited one witness rather than another.

There was no error in refusing to allow the agent at Mentor to testify that he received a message in answer to a telegram he sent relative to the delivery charges. The writing was in existence and not produced, and if produced could have had no effect on the trial.

' While the damages are large, they are not so excessive as to warrant us in disturbing the verdict on this ground. We have heretofore affirmed larger verdicts in such cases.

. Judgment affirmed.