## Tennessee Publishing Company v. C. L. Walker & Company, et al.

(Decided November 7, 1924.)

### Appeal from Fulton Circuit Court.

Constitutional Law—Process—Newspaper Not "Doing Business" Merely Because it Sent Solicitor into State and Service of Process on Solicitor was Not Due Process of Law.—Newspaper, publisher in another state was not engaged in business within state

because it sent mere solicitor into state for purpose of calling upon parties who handled newspaper, and service upon such solicitor was not good under Civil Code of Practice, section 51, subsection 6, and did not constitute due process of law, under Const. U. S. Amends. 5, 14.

ROBBINS & ROBBINS for appellant.

W. J. WEBB for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

The appellant seeks to reverse a judgment for $1,500.00 recovered against it for libel. This action was instituted in the Fulton circuit court by C. L. Walker & Company, claiming to be partners, against the appellant, the Tennessee Publishing Company.

The Tennessee Publishing Company is the owner of a newspaper published in Nashville, Tennessee, and the process in this case was served on one Hardee Anderson, who appears to have been a traveling solicitor of the appellant. The appellant made a motion to quash the summons and the return thereon, and in support of that motion filed the affidavit of its president and the affidavit of Hardee Anderson. No counter-affidavits were filed by appellees.

It is contended for the appellees that the service of process in this case was sufficient, under subsection 6 of section 51 of the Civil Code. It is provided by that subsection that individuals, partnerships, etc., residing in another state, but engaged in business in this state, may be summoned by process being served upon the manager, agent or person in charge of such business. The appellant insists and the proof shows that Anderson was merely a solicitor who came into Kentucky for the purpose of calling upon parties who handled and sold the "Tennesseean;" that he had no right, power or authority to bind the company in any way; that he was not an agent or officer of the company, and held no official position of any kind with it.

Thus, the question presented is: Was the appellant engaged in business in Kentucky? For unless it was, the appellant has been denied due process of law as provided in the 5th and 14th amendments to the federal Constitution.

A similar question was before the Supreme Court of the United States in the case of Green v. C. B. & Q. R. Co., 205 U. S. 530, 51 L. Ed. 916, 27 Sup. Ct. Rep. 595, and the Supreme Court said:

"The business shown in this case was in substance nothing more than that of solicitation. Without undertaking to formulate any general rule defining what transactions will constitute 'doing business' in the sense that liability to service is incurred, we think that this is not enough to bring the defendant within the district so that process can be served upon it."

That is conclusive of this case, for it was not shown that the appellant ever did any business in Kentucky, unless it was done by or through Hardee Anderson, and it was not shown that Hardee Anderson did anything more than solicit business for his company. It is not shown that he had ever made more than this one trip to Kentucky or that while in Kentucky he had ever had even one business transaction with any one. We therefore conclude that this was not "doing business" in Kentucky, and that the motion to quash should have prevailed.

The judgment is reversed and the cause remanded for proceedings consistent with this opinion.

The whole court sitting.