### Farmers' Bank of Salvisa, et al. v. Riley.

(Decided May 12, 1925.)

## Appeal from Mercer Circuit Court.

1. Judgment—Action Seeking Only Vacation of Judgment is a "Direct Attack"—"Collateral Attack."—Where only relief sought in an action was vacation and annulment of a judgment it was a "direct attack;" "collateral attack" being any proceeding which has an independent purpose and contemplates some relief or result other than overthrowing judgment, even though overthrowing of judgment may be necessary to accomplish that result.

2. Process—Return Held to Show that, if Defendant was Summoned it was Not in County where Officer Serving Process was Sheriff. —Sheriff's return of service containing statement that defendant was not found in county, and also that defendant was summoned, held to show that if defendant was summoned by sheriff it was not in county where such officer was sheriff.

3. Process—Court Required to Accept Whole of Return in Determining whether Legal Service has been Made.—In determining from return whether legal service has been made, court is required to accept whole of return and is not permitted to separate it into its component parts.

4. Process—Sheriff's Return Held so Uncertain as to be subject to Explanation by Parole Evidence, though no Fraud or Mistake was Alleged.—Sheriff's return containing statement that defendant was not found in county, and also that defendant was summoned, held so indefinite and uncertain as to be subject to explanation by parole evidence, even though no fraud or mistake was alleged.

5. Process—Uncertain Return Does Not of Itself Establish that Defendant has been Duly Summoned.—Where return made by officer is so indefinite and uncertain as to render it very doubtful as to what is meant by it, return does not of itself establish that defendant has been duly summoned and before court at time judgment was tendered against him.

6. Process—Indefinite Return of Officer Held Not Attack by Showing that Defendant had Not been Served with Process.—Return of officer uncertain as to whether defendant had been summoned in original action held not attack by showing that defendant was not summoned.

7. Judgment—In Suit on Note Held Void where Defendant Not Served.—Judgment in suit on note was wholly void, where defendant was not an obligor on note and was not served, and might be vacated in any of the ways pointed out in Civil Code of Practice, sections 344, 518, 519.

C. E. RANKIN for appellants.

R. W. KEENON and R. L. BLACK for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In January, 1922, the Farmers' Bank of Salvisa, through the state banking commissioner, instituted an action in the Mercer circuit court against J. R. Satterly and several other persons, including W. M. Riley and M. M. Riley, to recover on a note for $850.00 alleged to have been executed by the defendants to the bank of Salvisa on February 7, 1920, and past due at the time of the filing of the suit. Summons was issued upon the petition and the following return made by the sheriff:

"Executed by delivering a true copy of the within summons to J. R. Satterly, Lola Satterly, James L. Isenberg, he being president and the officer of the State Bank and Trust Co., and Ed Gill, this January 9th, 1922 (in ink), and by delivering a true copy of the to I. H. Gaither. (In type) M. M. Riley, H. C. Taylor and W. M. Riley not found in Mercer county (in ink) and by delivering a true copy of the within to W. M. Riley.
"S. W. KENNEDY, Sheriff, M. C."

Judgment was entered in favor of the bank, etc., against each of the defendants, including the appellee, W. M. Riley, who is plaintiff in the instant suit, for the full amount of the note, with interest and costs. Later an execution was issued against the property of the several defendants, including appellee, W. M. Riley, and it was later levied by the sheriff, Kennedy, on the lands of appellee, Riley, to make the amount of the judgment.

When that was done appellee, W. M. Riley, brought this action in the Mercer circuit court against the Farmers' Bank of Salvisa and the state banking commissioner, who joined as plaintiff in the original suit, and S. W. Kennedy, sheriff of Mercer county, charging that the defendants, now appellants, had on January 7th, 1922, instituted an action in the Mercer circuit court against Satterly and others, including appellee, W. M. Riley, on the $850.00 note dated February 7, 1920, and recovered judgment thereon; that the note was executed by J. R. Satterly, Lola Satterly and M. M. Riley, and that he, W. M. Riley, did not sign the note and was not obligated upon it, and that the bank had no cause of action against him; but notwithstanding these facts he was joined as defendant and summons issued for him, but that no summons was ever executed upon him or delivered to him in that case, and that he had no notice or information of the existence of the action on the note until the execution was levied upon his lands as stated above, in January, 1924; that the judgment was void as against him and "a fraud upon his rights, and that he had no notice of it until as aforesaid when the execution was levied upon his lands." To this petition was attached a prayer that the judgment in the former action be set aside, vacated and annulled, and that the sheriff be enjoined from selling his farm levied on under the execution until his cause could be heard and determined. The bank, as defendant, filed demurrer and answer. The answer denied the averments of the petition in so far as it was alleged that the appellee, W. M. Riley, was never summoned in the original action; and denied that the judgment was a nullity and should be set aside. Later the general demurrer to the petition was overruled.

Appellee, W. M. Riley, gave his deposition in which he testified that he was the owner of the farm levied on under the execution and that the sheriff was threatening to and about to sell his farm to satisfy the judgment of $850.00 rendered in the original action; that he was never summoned as a party defendant in the original action and had no knowledge of the existence of the action or of its pendency, or the judgment until the execution was issued and levied upon his farm. He made it quite plain that he was never summoned in the action. It is also shown that he was not a party to the note sued on in the original action. An examination of the note shows he

was not a party to it; he did not sign it, but M. M. Riley did sign it.  M. M. Riley was also sued in the same action and is another person.  The record in the original suit was made a part of the record in the present action on this appeal.  The sheriff and his deputy also proved beyond question that appellee, W. M. Riley, was not served with process in the original action.  Other facts and circumstances are made to appear which satisfied the lower court as well as this court that W. M. Riley was not before the court in the original action and that the judgment should not have been rendered against him. Upon hearing the trial court granted the prayer setting aside and annulling the judgment in the original action and staying the sheriff from carrying out the sale on the execution issued upon the original judgment, and selling appellee Riley's land.  From that judgment this appeal is prosecuted.

Appellant, Farmers' Bank of Salvisa, through the banking commissioner, insists that the attack made in the instant case upon the judgment in the original case is collateral and not direct.  We are of opinion that appellant is in error in this contention.  A collateral attack upon a judgment is one which is not directly made in a proper proceeding brought for the purpose of cancelling, annulling or setting aside a judgment; so it is said in Shields v. Chesser, 167 Ky. 532.

A direct attack is an action or motion for the specific and only purpose of setting aside or annulling the judgment of the court, and any action which has for its purpose the accomplishment of any relief other than the setting aside of the judgment is not a direct attack; or conversely stated, a collateral attack is any proceeding which has an independent purpose and contemplates some relief or result other than overthrowing the judgment, even though the overthrowing of the judgment may be necessary to accomplish this result.  Gardner v. Howard, 197 Ky. 615.

As the only relief sought in this action is the vacation and annullment of the judgment in the original action we think it is a direct attack; but whether it is or not makes but little difference in this case.  Appellee, Riley, was not an obligor on the note sued on in the original action, as is clearly shown by all the evidence.  It is urged, however, by appellants that the return of the officer showing that appellee, Riley, had been summoned

in the original action cannot be attacked or set aside except for fraud or mistake, properly averred and clearly proven. With the rule upon which appellants rely we have no quarrel, but gladly acknowledge its force in actions to which it has application. But we are persuaded that it does not fit the facts in this case. The return of the officer copied above clearly shows that appellee, W. M. Riley, was "not found," that is to say he was not summoned in the original action. Below this part of the return, however, is another statement, over the signature of the same officer to the effect that W. M. Riley was summoned in the action. This is all in one return made by a single officer at the same time, presumably. We must, it seems, accept the whole of the return and are not permitted to separate it into its component parts. Interpreting the return as we find it, we must conclude that if W. M. Riley was summoned in that case at all by Sheriff Kennedy it was not in Mercer county, where Kennedy is and was the sheriff.

There is another phase of this case which is quite controlling as we view it, and that is, that the return made by the officer is so indefinite and uncertain as to render it very doubtful, indeed, as to what was meant by it, and, therefore, subjected the return to explanation by parol evidence even in a case where no fraud or mistake is alleged. In such a case the return of the officer does not of itself establish that a defendant has been duly summoned and before the court at the time the judgment was rendered against him. It is subject to explanation, in fact requires explanation, and the trial court was justified upon an examination of the return, in hearing evidence explanatory of the statements made in the return, so as to know what was meant by the language employed. When the court heard these facts it learned definitely and certainly that the sheriff had not executed process upon W. M. Riley in the original action and that Riley was not before the court. The fact was that process had not been served in the original action upon Riley, and when the return was understood it did not show that appellee Riley had been served with process in the original action. There was, therefore, no attack, direct or otherwise, upon the return of the sheriff but merely an interpretation or explanation of the return which the sheriff made upon the summons in the original case. The mere fact that the clerk or attorney who prepared the judgment in the original action misunderstood

the return of the sheriff, and assumed that the summons had been served upon appellee, Riley, in the original action, did not make it so because it was not borne out by the facts. As to him the judgment was invalid because the court had no jurisdiction. Such a judgment may be attacked in any of the ways pointed out in sections 344, 518 and 519, Civil Code. For these reasons the judgment is affirmed.

Judgment affirmed.