## Missouri-Kansas Pipe Line Company v. Hobgood.

(Decided June 21, 1932.)

CARRY, MILLER & KIRK for appellant.

J. T. GOOCH, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This record raises a single question as to the validity of a default judgment, challenged upon the ground that the summons in the action was served upon a person who was not the authorized agent of the defendant.

It arises in this way: J. G. Hobgood sued the Missouri-Kansas Pipe Line Company, a foreign corporation, to recover a contract debt of $10 and damages alleged in the sum of $500. The summons was served on H. H. Herrington, and the return of the officer read:

"Executed on Missouri-Kansas Pipe Line of Kansas City, Missouri, by delivering to H. H. Herrington (Chief officer) a true copy of same."

The return was dated January 3, 1931, and was signed by a deputy sheriff. An order was entered on February 24, 1931, permitting the sheriff to amend the return made by his deputy so that it would read:

"Executed the within summons on Missouri-Kansas Pipe Line Company of Kansas City, Mo., by delivering to H. H. Herrington, District Manager and chief officer of said company found in the county at this time a true copy of same."

The return, after it was amended, failed to conform to the Civil Code. It should have shown what office Her-

rington held in the corporation, and that none of the superior officers for the service of process were available for that purpose. Civil Code of Practice, section 51, and section 732, subsec. 33; New South Brewing & Ice Co. v. Price, 50 S. W. 963, 21 Ky. Law Rep. 11; Kentucky Bonding Co. v. Com., 178 Ky. 605, 199 S. W. 807; Morris v. Cumberland P. & R. Co., 187 Ky. 15, 218 S. W. 302; Youngstown Bridge Co. v. White's Admr., 105 Ky. 273, 49 S. W. 36, 20 Ky. Law Rep. 1175. On the same day the return was altered an amended petition was filed, and on the next day a default was taken, a jury impaneled, the damages fixed by the verdict of the jury in the sum of $275, and a judgment rendered accordingly. An execution was issued upon the judgment and returned no property found.

The defendant then appeared for the sole purpose of moving the court to set aside the judgment as void because the person upon whom the process was served was not an officer, agent, or employee of the defendant nor a person designated by it for the service of process. An affidavit of the defendant's assistant secretary was filed in support of the motion. The affidavit disclosed that Herrington was not an agent, employee, or officer of the corporation, or connected with it in any capacity, that the company had its principal office at Owensboro, in Daviess county, in charge of a vice president and the assistant secretary, and that it had an agent for the service of process duly designated in the office of the secretary of state, as required by the law applicable to foreign corporations. Ky. Stats., sec. 571.

The defendant, at the same time, tendered and offered to file its answer to the plaintiff's petition which presented a good defense to the action for damages. The court upon the evidence declined to set aside the judgment. The defendant has superseded the judgment and entered a motion for an appeal. It pursued the appropriate practice to prosecute an appeal from a void judgment. Civil Code of Practice, sec. 763; Hermann's Exr. v. Martin, 107 Ky. 642, 55 S. W. 429, 21 Ky. Law Rep. 1396; Cf. Dotson v. People's Bank, 234 Ky. 138, 27 S. W. (2d) 673.

It is sought to sustain the service on the ground that Herrington was employed by a subsidiary corporation controlled by the appellant, which made him an agent of

the appellant corporation for the service of process. The position cannot be maintained. The appellant had its own officers and agents, in the state, amenable to the service of summons, and it cannot be brought into court by the service of summons upon the agent of another corporation simply because the latter was a subsidiary or controlled company. Cannon Mfg. Co. v. Cudahy Packing Co., 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634; Peterson v. Chicago, Etc., R. Co., 205 U. S. 364, 27 S. Ct. 513, 51 L. Ed. 841. Cf. Carter Coal Co. v. Clouse, 163 Ky. 337, 173 S. W. 794.

This was not a case where the appellant utilized the services of its subsidiaries or their agents to perpetrate the wrongs or to transact the business out of which the litigation arose. Southern R. Co. v. Thomas, 90 S. W. 1043, 28 Ky. Law Rep. 951; International Harvester Co. v. Com., 147 Ky. 655, 145 S. W. 393; Postal Tel. Cable Co. v. Thornton, 153 Ky. 176, 154 S. W. 1100. In those cases the service was sustained upon the ground that it was had upon the persons through whom the business was transacted.

The appellee relies upon the case of Iriquois Life Insurance Co. v. Thomas, 185 Ky. 710, 215 S. W. 818, where the trial court refused to vacate a default judgment that had been rendered on proper service. In that case this court found from the uncontroverted facts that Ramsey, upon whom the summons had been served, was the agent and chief officer of the company in the county where the suit was brought. It held further that the default judgment would not be reversed on appeal since the agent had neglected to notify his principal of the suit, and, under the facts there appearing, it could not be said that the trial court abused its discretion in refusing to set aside the default judgment. Reese Lumber Co. v. Licking Coal & Lumber Co., 156 Ky. 723, 161 S. W. 1124; Callahan Construction Co. v. Williams, 160 Ky. 814, 170 S. W. 203.

In the present case the summons was not served on any person authorized by law to be served for the appellant, and the judgment entered thereon was void. Long v. Montgomery, 6 Bush. 394; Ruby v. Grace, 2 Duv. 540; Farmers' Bank of Salvisa v. Riley, 209 Ky. 54, 272 S. W. 9.

574

The appeal is granted and the judgment reversed, with directions to set aside the default judgment and to permit the answer tendered to be filed, and for further proceedings not inconsistent herewith.

Judgment reversed.