**WILLIAMS v. BRUCE'S JUICES, Inc.**

District Court, W. D. Kentucky, Paducah
Division.

Dec. 9, 1940.

Nat Ryan Hughes, of Murray, Ky., and
Roy M. Shelbourne (of Wheeler & Shel-
bourne), of Paducah, Ky., for plaintiff.

McMurry & Reed, of Paducah, Ky., for
defendant.

MILLER, District Judge.

The defendant's motion to quash the
return upon the summons raises two ques-
tions: (1) Whether or not the defendant
corporation Bruce's Juices was doing bus-
iness in Kentucky, and (2) whether or not
S. A. Hart, the employee upon whom serv-
ice was made, was an agent of the defend-
ant corporation for the service of process
as provided by Rule 4(d) (3) of the Feder-
al Rules of Civil Procedure, 28 U.S.C.A.
following section 723c, or by Section 51,
Subsection 3 of the Civil Code of Practice
of Kentucky.

The defendant is a corporation organ-
ized under the laws of Florida with its
principal office at Tampa. It is engaged
in the business of selling canned goods
through brokers and distributors for con-
sumption by the general public. It has
never maintained an office in Kentucky. It
owns no property in Kentucky nor does it

848

have any agent or officer resident or permanently in the State. Following an inquiry received from the plaintiff the defendant corporation sent its representative S. A. Hart to Murray, Ky., to discuss and arrange for the allocation of certain counties in Kentucky to Williams as its distributor. An arrangement was finally entered into between the plaintiff and the defendant under which the plaintiff began to act as distributor for the defendant in certain counties in Kentucky. In this action plaintiff claims that the defendant has breached its contractual obligations arising out of that arrangement.

Defendant contends that its representative S. A. Hart who negotiated with the plaintiff Robert J. Williams at Murray, Calloway County, Kentucky, was merely a salesman with authority to solicit business in Kentucky, whose acts were subject to confirmation by the home office of the corporation in Tampa, Florida, and that he had no authority to enter into any binding arrangement in Kentucky with the plaintiff Williams. It is also claimed that the proposed arrangement negotiated by Hart with the plaintiff was not effective until submitted to the home office and approved by it.

The plaintiff contends that Hart had more authority than a soliciting agent and actually negotiated and closed the contract in Kentucky under which the plaintiff began to operate.

■ Both plaintiff and defendant substantially agree on the principles of law applicable to this motion. It appears to be well settled that the mere solicitation of business by the agent of a foreign corporation does not constitute the doing of business in such a way as to manifest the presence of the corporation in the State and to justify its enforced appearance in the courts of that State by summons. Peterson v. Chicago, R. L. & P. R. R., 205 U.S. 364, 27 S.Ct. 513, 51 L.Ed. 841; Green v. Chicago, B. & Q. R. R., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; Philadelphia & R. Ry. v. McKibbin, 243 U.S. 264, 37 S.Ct. 280, 61 L.Ed. 710; Ballard & Ballard Co. v. Munson S. S. Line, 6 Cir., 25 F.2d 252; Tennessee Publishing Co. v. C. L. Walker & Co., 205 Ky. 420, 265 S.W. 941. However, it is also well settled that although the business transacted by a corporation may be entirely interstate in its character yet where the agent of a foreign corporation does more than engage in a mere solicitation and there is a continuous course of shipments of articles into the State, such acts manifest its presence within the State and make it subject to the jurisdiction of the courts of that State. International Harvester Co. v. Kentucky, 147 Ky. 655, 145 S.W. 393, affirmed, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479; St. Louis S. W. R. Co. v. Alexander, 227 U.S. 218, 33 S.Ct. 245, 57 L.Ed. 486, Ann. Cas.1915B, 77; Makeever v. Georgia S. & F. Ry. Co., 219 Ky. 699, 294 S.W. 144.

■ In the opinion of the court the evidence in this case shows that the defendant's representative S. A. Hart had more authority than merely that of a traveling salesman soliciting orders, and that he actually negotiated and concluded the arrangements between the plaintiff and the defendant company while in Murray, Kentucky. He was not sent to Murray for the purpose of soliciting orders, but was sent for the express purpose of negotiating the business deal with the plaintiff, which he negotiated and closed after several conferences over a period of time. His action was not subject to approval by the home office before it became effective. This was followed by shipments of the defendant's products to the plaintiff in Kentucky. The activities of Hart in the defendant's office in Tampa, Florida, and his handling of correspondence in behalf of the company support the conclusion that Hart had considerably more authority than that of a mere traveling salesman. Under these facts the court finds that the defendant was doing business in the State of Kentucky.

■ The defendant next claims that even if the company was doing business in Kentucky Hart was not its officer or managing or general agent for the service of process as provided by Rule 4(d) (3) of the Federal Rules of Civil Procedure, and was not its chief officer or agent as provided by Section 51, Subsection 3 of the Civil Code of Kentucky. In this connection Rule 4(d) (7) of the Federal Rules of Civil Procedure provides that service of summons is sufficient in the case of a domestic or foreign corporation which is subject to suit if the summons and complaint are served in the manner prescribed by the law of the state in which the service is made. Section 51, Subsection 3 of the Civil Code of Kentucky, provides "in an action against a private corporation the summons may be served, in any county,

upon the defendant's chief officer, or agent, who may be found in this State; or it may be served in the county wherein the action is brought, upon the defendant's chief officer or agent who may be found therein." Section 732, Subsection 33 of the Kentucky Civil Code of Practice, states, "the chief officer or agent of a corporation which has any of the officers or agents herein mentioned is: First, its president; second, its vice-president; third, its secretary or librarian; fourth, its cashier or treasurer; fifth, its clerk; sixth, its managing agent." It will be noticed that both the Federal Rule and the State Rule refer to "managing agent". The facts above stated pertaining to the authority of Hart to negotiate the business of the company in Calloway County, Kentucky, are applicable here. In the case of Newport News & M. V. Co. v. McDonald Brick Co.'s Assignee, 109 Ky. 408, 415, 59 S.W. 332, 333, 22 Ky. Law Rep. 934, the Court of Appeals of Kentucky upheld service upon an attorney for the company who was acting for it in its business at the time and pointed out "if the person served sustains sufficient character and rank to render it reasonably certain that the corporation would be apprised of the service, the requirement of the statute is answered." See, also, Red Bush Production Co. v. Hayes, 277 Ky. 284, 126 S.W.2d 453. In our opinion we believe that the agent Hart came within the meaning of the term "managing agent" and accordingly service upon him was valid as service upon the defendant company.

The record in its present shape is not sufficient to sustain jurisdiction over the defendant. The marshal's return reads in part as follows: "Executed the within summons by delivering a true copy to S. A. Hart. July 31, 1940." This return does not show that S. A. Hart is an employee or agent of the defendant, or that he had any connection whatsoever with the defendant company. The return in order to be sufficient should give the full name of the party served, what position he held with the corporation and if he is not the president that none of the superior officers, as set out in Civil Code of Practice Section 732, Subsection 33, for the service of process was available. Youngstown Bridge Co. v. White, 105 Ky. 273, 49 S.W. 36, 20 Ky.Law Rep. 1175; Missouri-Kansas Pipe Line Co. v. Hobgood, 244 Ky. 570, 51 S.W.2d 920.

The motion to quash the return upon the summons is sustained, with leave to amend the return and without prejudice to a reconsideration of this motion thereafter.