## INDUSTRIAL RESEARCH CORPORATION v. GENERAL MOTORS CORPORATION et al.

District Court, N. D. Ohio, W. D.   June 16, 1928.

No. 888.

624

Owen & Owen, of Toledo, Ohio, for plaintiff.

Smith, Beckwith, Ohlinger & Froehlich, of Toledo, Ohio, for defendants.

KILLITS, District Judge. This case is before us upon motions to quash service, offered separately by each of the defendants except the General Motors Truck Company, which has answered. The issue involves consideration of section 48, Judicial Code (section 109, title 28 USCA), which reads:

"In suits brought for the infringement of letters patent the District Courts of the United States shall have jurisdiction, in law or in equity, in the district of which the defendant is an inhabitant, or in any district in which the defendant, whether a person, partnership, or corporation, shall have committed acts of infringement and have a regular and established place of business. If such suit is brought in a district of which the defendant is not an inhabitant, but in which such defendant has a regular and established place of business, service of process, summons, or subpœna upon the defendant may be made by service upon the agent or agents engaged in conducting such business in the district in which suit is brought."

Averments in the bill important for present consideration are:

"Plaintiff avers, on information and belief, that defendant, General Motors Corporation, is the owner of a majority of the voting stock of defendant, Yellow Truck & Coach Manufacturing Company, and controls and directs its policies and business; that defendant, Yellow Truck & Coach Manufacturing Company, is the owner of substantially all of the capital stock of defendant, General Motors Truck Corporation, and controls and directs its policies and business; that defendant, General Motors Truck Corporation, is the owner of substantially all of the capital stock of defendant, General Motors Truck Company, and controls and directs its policies and business; that defendant, General Motors Truck Corporation is engaged in the business of manufacturing trucks known in the trade as 'General Motors Trucks;' that General Motors Truck Company is the selling organization through which General Motors Truck Corporation sells and delivers said trucks; and that General Motors Truck Company now maintains and for a number of years past has maintained a regular and established branch and place of business in the city of Toledo, Ohio, now located at 1106 Jackson avenue in said city, where it carries a stock of General Motors trucks which it sells and delivers to the public, and also deals in used passenger cars of various makes including those of different divisions of General Motors Corporation.

"Plaintiff further avers, on information and belief, that defendant, General Motors Corporation, now maintains and for a number of years past has maintained another regular and established place of business in the city of Toledo, the same being conducted by said General Motors Corporation as the Chevrolet Motor Ohio Company, a corporation duly organized and existing under the laws of the state of Ohio and having its principal place of business in the city of Toledo, Ohio, the capital stock of said the Chevrolet Motor Ohio Company being all owned by defendant, General Motors Corporation, and the control and business policies of said the Chevrolet Motor Ohio Company being directed and managed by said General Motors Corporation."

The service attacked was had upon one Beckwith as manager of the answering defendant, General Motors Truck Company, at its place of business in the city of Toledo, and upon one Moore as manager of the Chevrolet Motor Ohio Company, at its place of business in Toledo. Beckwith, according to the return, was served, through his corporation, in behalf of all of the defendants, and Moore, through his company, in behalf of the General Motors Corporation.

The motions to quash are identical, except for the identification of the particular movant. That for the General Motors Corporation, illustrative of all, reads as follows:

"This defendant is a corporation organized under the laws of the state of Delaware, and was not found within the Northern district of the state of Ohio nor in the state of Ohio; that it was not at the time of the commencement of this action, nor at the time

of the attempted service and has not since been doing business in the state of Ohio, did not then have and has not since had any place of business in said state of Ohio, and did not then have and has not since had any agent in the state of Ohio; that neither H. L. Beckwith nor George D. Moore, the persons upon whom service was attempted herein, was at the time of the commencement of this action or at the time of said attempted service or thereafter, an officer, agent, or employé of this defendant, nor were they or either of them authorized to accept service of process upon this defendant at the time of the attempted service or at any time."

In support of these motions three affidavits have been filed. One is by Thomas S. Merrill, saying that he is the secretary of each of the moving defendants; and stating:

"That all of the capital stock of General Motors Truck Company is owned by General Motors Truck Corporation.

"That all of the capital stock of General Motors Truck Corporation is owned by Yellow Truck & Coach Manufacturing Company.

"That the majority of the capital stock of the Yellow Truck & Coach Manufacturing Company is owned by General Motors Corporation.

"That all of the stock of the Chevrolet Motor Ohio Company, an Ohio corporation, is owned by General Motors Corporation.

"That General Motors Corporation and General Motors Truck Corporation are engaged in the business of manufacturing and selling automobiles outside of the state of Ohio and that neither of said corporations are engaged in any manufacturing or any other business whatsoever in the state of Ohio; and that neither of said corporations have any agent, representatives or places of business whatsoever in the state of Ohio and that neither of said corporations have qualified to do business in the state of Ohio or otherwise submitted themselves to the jurisdiction of any court within the state of Ohio."

The other affidavits are severally made by Beckwith and Moore, the parties, as shown by the marshal's return, upon whom service was attempted as the agents in charge of the business of the several moving defendants. These affidavits are in identical language, save for the name of the party making the same. We quote that of Beckwith:

"H. L. Beckwith, being duly sworn, deposes and says that he was served with a writ of subpœna in the above-entitled cause on February 23, 1928; that on said date he was not an officer, agent, employé or representative in any capacity of either the General Motors Corporation, a Delaware corporation, Yellow Truck and Coach Manufacturing Company, a Maine corporation, or General Motors Truck Corporation, a Delaware corporation; and that he has never been authorized to accept service on behalf of any of said corporations."

Nothing more is offered in support of the motions, and the foregoing sets out all of the facts present for the court's enlightenment, save, in behalf of plaintiff, certain publications purporting to have been put out by the General Motors Corporation, and a copy of the latter's articles of incorporation. The nature of this evidence, here without dispute, will be hereinafter presented.

▮ The several motions to quash service are overruled. It is true that the mere fact that stockholders of two corporations are the same, with one exercising a control over the other through ownership of its stock, or through identity of its stockholders, does not make either the agent of the other; nor does a merger follow therefrom to the result that a contract, or act of one becomes binding upon the other, where each corporation is separately organized under a distinct charter. Citation to support these propositions is unnecessary, for the parties to this controversy are in accord thereon. But the fiction of corporate entity may be disregarded, where one corporation is so organized and controlled and its affairs are so conducted that it is, in fact, a mere instrumentality or adjunct of another corporation. Matter of Watertown Paper Co. (C. C. A.) 169 F. 252; In re Muncie Pulp Co. (C. C. A.) 139 F. 546; Gay v. Hudson River Electric Power Co. (C. C. A.) 187 F. 12; Pittsburgh & Buffalo Co. v. Duncan (C. C. A.) 232 F. 584, 587; New York Trust Co. v. Carpenter (C. C. A.) 250 F. 668, 673; and for a late case, in which the authorities are summed up, Majestic Co. v. Orpheum Circuit, Inc. (C. C. A.) 21 F.(2d) 720, 724. In St. Louis Southwestern Railway Co. v. Alexander, 227 U. S. 218, 221, 33 S. Ct. 245, 57 L. Ed. 486, it was held, in substance, that no all-embracing rule upon this subject has been laid down by which it may be determined what constitutes such doing business by a foreign corporation as to subject it to a given jurisdiction, the criterion being that the circumstances in the case under observation must be seen to be such in character and extent as to warrant the conclusion that the foreign corporation has thereby subjected itself to the jurisdiction of the district in which an attempt has

been made to serve it through an alleged corporate agent resident therein.

■ It follows that, applying the general principles which are sufficiently epitomized in the foregoing, each case should be, regarded as sui generis, unless a competent authority is at hand, the facts underlying the decision therein being sufficiently analogous to those under consideration as to give it controlling effect. The very recent case of Henderson v. Richardson Co., 25 F.(2d) 225, by the Circuit Court of Appeals of the Fourth Circuit, holds, in a case involving the same statute invoked here, that affidavits in support of a motion to quash which merely deny the agency of the party served, without stating facts regarding dealings between the alleged principal and agent, are insufficient, as mere general denials or conclusions, when the actual relationship of the alleged principal and agent is peculiarly within the knowledge of such parties, and that all evidence is to be weighed in accordance with the proof which it was in the power of one side to produce and in the power of the other to contradict.

■ The application of these principles to the Beckwith, Moore, and Merrill affidavits is obvious. The first two state conclusions merely; the last, admitting the stock ownership, is silent on the important question of control by the superior corporations, with General Motors Corporation at the apex, over the conduct of business and the direction of policies of the series of subordinate corporations. This failure to deny or explain allows an acceptance of the allegations of the bill in this respect as a true statement of the relation of each corporation to that in the series next higher.

Cannon Manufacturing Co. v. Cudahy Packing Co., 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634, and Selbert v. Lancaster Chocolate & Caramel Co. et al., a decision of our own Circuit Court of Appeals, 23 F.(2d) 233, which are, among other cases, relied upon by movants as the latest expression of the court upon the subject, but state the general proposition. It should be noted that, in the opinion in the former case, a distinction which exists between that case and this at bar is noticed by the court, 267 U. S. 337, 45 S. Ct. 250, 69 L. Ed. 634, namely, that in the case considered by the Supreme Court there was no attempt to hold the moving defendant liable for an act of omission of its subsidiary, and for that reason alone cases concerning substantive rights such as those cited in the opinion of the Supreme Court are not applicable. These cases are of some

interest in the pending controversy, particularly Chicago, M. & St. P. Railway Co. v. Minneapolis Civic & Commerce Association, 247 U. S. 490, 38 S. Ct. 553, 62 L. Ed. 1229. It is recognized that one corporation may be an agent for another corporation, and that by means of stock ownership one of such companies may be converted into a mere agent or instrumentality of the other. United States v. Delaware, Lackawanna & Western Railroad, 238 U. S. 516, 529, 35 S. Ct. 873, 59 L. Ed. 1438, citing United States v. Lehigh Valley Railroad Co., 220 U. S. 257, 273, 31 S. Ct. 387, 55 L. Ed. 458.

■ The purpose of the statute under consideration and its interpretation may be determined, not alone from a consideration of its language, but, in connection therewith, by a reference to its legislative history. On this point, see opinion of this court in United States v. Toledo Newspaper Co., 220 F. 458, 477. And it follows that, unless precluded by the language, it should be given effect consistent with its purpose and the public policy which it was designed to assist.

■ Each contention respecting the infringement of a patent has a public interest apart from that peculiar to the contestants, for the enforcement of patent rights against a manufacturing or selling infringer is in the interest of a private consumer, who, although innocent of intention to violate the rights of the grantee, may be himself held in an action by the latter, and, consequently, has a direct interest in the establishment of the latter's rights against a more general invader thereof. This consideration we think enters into the interpretation of the statute. A consideration of the proceedings in Congress resulting in the passage of the law before us leaves it clear that the legislative purpose was to facilitate adjudication of patent grants in the general public interest, by enlarging jurisdictional opportunities to bring infringers into a federal court. Westinghouse Air Brake Co. v. Great Northern Railway Co. (C. C. A.) 88 F. 258.

■ With this brief attempt at the exposition of the law, we take up its application to the facts before us. By stipulation, or admission, or both, direct or implied (Henderson v. Richardson Co. et al., supra), we have these facts, considering, as we must, that the affidavits for the movants by Messrs. Moore, Beckwith, and Merrill are, passing the admissions involved in the last named, mere conclusions. In addition to the stock ownership wholly in the movants, except that the General Motors Corporation owns a majority only of the Yellow Truck & Coach

Manufacturing Company, the business of the Chevrolet Motor Ohio Company, resident within this district, and of the General Motors Truck Company, having an office within this jurisdiction, whose respective local managers were served herein, is controlled, and the policies of each of such subsidiaries are directed, by the movants, and the policies and business of the movants herein, subsidiary to the General Motors Corporation, are wholly controlled and directed by the latter. These averments are not denied by any of the movants, consequently, on the principles already referred to, they must be considered as established averments of fact.

On the face of things, with this narrow record of fact, an imputation of agency for the movants, and especially for the General Motors Corporation, as the attitude and relationship of the local corporations, whose managers were served for the movants, would seem to be justified. It is supported, however, by more cogent proof; for exhibits are here, in the form of newspaper, sheet, and pamphlet advertising, put out in behalf of the General Motors Corporation, which imply most clearly that the alleged local agencies, although distinct corporations, are mere adjuncts to the business of the General Motors Corporation, and, under it, to that of the other moving defendants. Aside from the other exhibit publications, the showing made in the annual reports of the General Motors Corporation, setting forth, for instance, the Chevrolet Motor Company, as a division of the General Motors Corporation, and a classification of the manufacturing and selling channels by which the overhead corporation has contacts with the public, leave little room for doubt, not merely of the subsidiary character of the Chevrolet Motor Ohio Company and the General Motors Truck Company, but that these are mere conveniences employed by the principal movants in the transaction of their business, and that, consequently, through them, separately and collectively, the moving corporations are doing business within this district. There are also in evidence the corporate articles of the General Motors Corporation which provide for the manufacturing and dealing "in automobiles, trucks, cars, boats, flying machines, and other vehicles, their parts and accessories, and kindred articles, and to generally conduct an automobile business in all its branches."

It is impossible, reading the annual reports of the corporation and the advertisements issued in its name, in evidence, to escape the conclusion that it is exercising these corporate powers and engaging in detail, in the business thereby permitted, through the subsidiary corporations appearing on this record, and therefore directly in business in our jurisdiction. The vast extent of the business of the General Motors Corporation and the variety of its enterprises are matters of such general notoriety, and the reasons why, to conduct such a diversified and extended business, it should employ corporate agencies, are so obvious, that little proof, if any, is necessary to hold the latter as mere adjuncts or agents, especially in the absence of any proof to the contrary; for the court might well take judicial notice of the extent of the business of such an extraordinary and notorious a corporation, as we may consider that of a great railroad enterprise having interstate activities, a doctrine which has already been adjudicated.

In the cases cited a more extensive fact record was before the respective courts, in which records, severally, appeared proof of separation of the identities of the alleged corporate principal and agent, with a showing in the latter of rights of independent action and management, not only not here, but, due to the silence of the movants concerning such matters, peculiarly within their knowledge, if provable, they are presumed not to exist.

In our judgment, to permit such a corporation as the General Motors Corporation to escape direct responsibility for the invasion of patent rights in any district other than that of its residence by subsidiaries acting wholly in its interest, as those whose managers are herein served, and to hold that it may be saved from responsibility for wholesale infringements, by these and other subsidiaries, unless by suit in the district of its residence, and then only by proof that it alone, independent of its subsidiaries, carried on the objectionable practices, or, as the only alternative, to sue its subsidiaries, including the other moving defendants, wherever they may be severally found directly and actively engaged therein, would be intolerable. It is against sound policy, when a corporation has grown so large, and it has entered into activities so various and so generally distributed, that it finds itself compelled to operate through many subsidiaries, doing nothing directly itself in carrying on its business, to permit it to enjoy exclusively the fruits of such subsidiary activity and to escape the concomitant responsibilities flowing therefrom.

By agreement of parties the briefs herein filed are made applicable to motions to

quash service by the same corporate defendants in the later case of Industrial Research Co. v. General Motors Corporation et al., Equity No. 888, on our docket, in which the questions are identical. The motions in this case are likewise overruled on this opinion.