## AMERICAN CHAIN CO., Inc., v. STEWART-WARNER SPEEDOMETER CORPORATION et al.

District Court, S. D New York.

Feb. 23, 1929.

Frederick S. Duncan, of New York City, for plaintiff.

Darby & Darby, of New York City, for defendants.

THACHER, District Judge.

The learned special master, in a report which discloses a thorough and careful con-

sideration of the evidence and of the law, has concluded that the Virginia corporation was engaged in business within this state only through the medium of its subsidiary, the New York corporation, and that White, the manager of the New York corporation upon whom process against the Virginia corporation was served, was engaged in the Virginia corporation's business, and as its agent only under employment by its subsidiary and as manager thereof. Upon consideration of the intercorporate relations and the methods of business pursued by the parent corporation and its subsidiary, he has concluded in effect that the subsidiary was merely a shell under which the parent corporation conducted a branch office or department of its own business, in the conduct of which the existence of its subsidiary as an independent corporate entity was completely ignored. The parent corporation not only treated its subsidiary as an adjunct or department of its own business, but so directed and managed its affairs as virtually to deprive it of any independent corporate existence or financial responsibility. In the conduct of the business in New York and elsewhere there has, so far as the public is concerned, been no distinction made between the subsidiary and its parent company, which have identical names. On the contrary, the New York office of the subsidiary has been advertised as the branch office of the parent, and, there being identity of name, the customers of the subsidiary were led to believe that they were dealing with the parent company. Not even the forms, much less the substance, of independent personality were preserved, and, if in any case identity pro hac vice between two corporations may exist, the proofs establish it in this case. The master so concluded in holding that for jurisdictional purposes under section 48 of the Judicial Code (28 USCA § 109) all of the business done by the New York corporation is to be regarded as the business of its parent, the Virginia corporation, that the office occupied by the subsidiary within this district is to be regarded as the office of its parent, and that the general manager employed by the subsidiary is to be regarded as an agent of the parent, properly subject to service of process running against the Virginia corporation.

That a corporation may procure the incorporation of a subsidiary as a branch of its business to purchase its products and resell them, may completely dominate and control the commercial and financial activities of such a subsidiary, and may exercise such control through individuals who are at the same time engaged in conducting similar branches or departments of its business which are unincorporated, without in legal sense engaging in the business conducted in its interest by the subsidiary, is settled by the decision of the Supreme Court in Cannon Mfg. Co. v. Cudahy Co., 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634. See, also, Selbert v. Lancaster Chocolate & Caramel Co., 23 F.(2d) 233 (C. C. A. 6). In the Cudahy Case the fact was emphasized that the existence of the subsidiary as a distinct corporation was in all respects observed, and that the corporate separation, though perhaps merely formal, was real and was not pure fiction. Cases dealing with substantive rights and liabilities arising between the parent corporation and third parties from transactions with its subsidiary were held to be inapplicable. This decision turned, not upon dominance and control, or upon identity of personnel charged with managerial responsibility, but upon the reality of corporate separation as between the parent corporation and its subsidiary. Intangible as the distinction may appear to be, it has been recognized and applied in cases arising under the commodities clause of the Hepburn Act (June 29, 1906, c. 3591, 34 Stat. 584, 49 USCA § 1 (8). Cf. U. S. v. Delaware & Hudson Co., 213 U. S. 366, 29 S. Ct. 527, 53 L. Ed. 836, and U. S. v. Lehigh Valley R. R. Co., 220 U. S. 257, 31 S. Ct. 387, 391, 55 L. Ed. 458. Of course, it must not be forgotten that the question is always one of fact, and that in its determination one must look "not at the legal title only but at the facts beneath forms." U. S. Grain Corp. v. Phillips, 261 U. S. 106, 113, 43 S. Ct. 283, 286, 67 L. Ed. 552. In this case the inquiry is whether the parent corporation has a regular and established place of business within the district, and whether the person served was its agent engaged in conducting its business. It has said as much to those who do business with the persons in charge of the New York office. Furthermore, it has used its power of control so as to commingle the affairs of the two companies to such an extent "as by necessary effect to make such affairs practically indistinguishable, and therefore to cause both corporations to be one for all purposes." U. S. v. Lehigh Valley R. R. Co., supra.

In view of the facts found by the special master, which are fully sustained by the evidence, I can find no reality in the corporate separation of the business of the Virginia corporation conducted in the state of

New York from its business conducted without incorporation elsewhere. The attempted separation, in view of the business methods pursued, was pure fiction, without reality in form or substance. Under these circumstances, the special master was correct in concluding that the business conducted in the New York office was in fact the business of the Virginia corporation, that it had an established place of business in that office, and that the New York manager was its agent, engaged in the conduct of its business. These facts bring the case within the provisions of the statute. The referee's report must therefore be confirmed, and the motion to quash the service of the subpœna is accordingly denied.