## LANE v. MAPLE LEAF MILLING CO., Limited, et al.

United States District Court
S. D. New York.
April 22, 1949.

742

Held, Rawick & Schnur, New York City, for plaintiff. William R. Rawick, Warren L. Schnur, New York City, of counsel.

Sullivan & Cromwell, New York City, for Maple Leaf Milling Co., Limited. Inzer B. Wyatt, Charlotte W. James, New York City, John M. Keefe, New York City, of counsel.

CONGER, District Judge.

Motion by defendant Maple Leaf Milling Co., Ltd. made pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint for lack of jurisdiction over the person of defendant Maple Leaf Milling Co., Ltd. and quashing the purported service of the summons and complaint on the ground that the moving defendant is a corporation organized under the laws of the Province of Ontario, Canada and is not subject to service within the Southern District of New York and on the further ground that the service of the summons and complaint was not made on anyone authorized to receive service of process for the moving defendant.

It is asserted by the moving defendant and not denied by plaintiff that the cause of action arose in Canada.

There are two corporations here, each having the same name, i. e. Maple Leaf Milling Co., Ltd. (defendant), a Canadian corporation and the other a New York corporation.

The New York corporation is a wholly owned subsidiary of the Canadian corporation; the New York corporation is a distributor of the Canadian corporation's products. The New York corporation purchases its milling and flour requirements from the Canadian corporation.

The President of the Canadian corporation is also the President of the New York corporation; he is also a Director of each. Each corporation has the same Secretary, who is also a Director of the New York corporation. The Treasurer of the Canadian corporation is also a director of the New York corporation.

The summons and complaint were served on Henry K. Moore, who is Vice President and Manager of the New York corporation. He is not an officer, director nor employee of the Canadian corporation.

The issue presented by this motion is rather unique and is somewhat clouded by the exact similarity of the names of the two corporations. Just why the subsidiary corporation bears the same name as its parent has not been made clear to me.

Plaintiff asserts that the New York corporation was merely a device for circumventing tariff regulations; the moving corporation denies this and states that the New York corporation sells no flour for consumption in New York nor in the United States, but sells only for export and that no duty is levied on flour nor products passing through the United States to foreign countries and that, therefore, the tariff of the United States could have nothing to do with the organization of the New York corporation nor with its operations in selling for export to foreign countries.

The Canadian corporation manufactures and sells flour, animal and poultry feeds and cereals. Its mills and plants are located in Canada. It claims that it does no business in the United States because of the prohibitive United States tariff on flour, its main product; that there are no shipments of any sort by the Canadian corporation of any goods into the Southern District of New York for sale, use or consumption.

It is also claimed by defendant, that for certain areas of the world it uses as exclusive distributor of its products the New York corporation, which is engaged in the buying and selling of flour and grain products for sale in the export trade principally in South and Central America, the Caribbean, Africa and Portugal; it is further claimed that the New York corporation is a separate corporation and a separate corporate entity and conducts its affairs as such.

Defendant's motion has raised an issue which has troubled the courts for some time. The decisions are not in accord, yet the general rule is plain and well established. It is the application of the rule which causes the "rub".

The general rule is that the business carried on in this District by a foreign corporation must be of such nature and character as to warrant the inference that the corporation has subjected itself to the local jurisdiction and is by its fully authorized officers or agents present within the State or district where service is attempted. People's Tobacco Co., Ltd. v. American Tobacco Co., 246 U.S. 79, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537. Each case must be decided on its own merits and on its own state of facts.

Plaintiff has failed to convince me that the defendant itself carries on any activities in this District. There is nothing in plaintiff's papers to indicate that defendant by itself carries on, does any business of any kind or nature here in this District except that there is the claim that this defendant maintained an office at 80 Broad Street, but this is denied and the uncontradicted assertion is made by defendant that the lease is with the New York corporation and the rent paid by it. Even assuming that this defendant has a branch office there, as shown in Moody's Manual, there is no showing of any activity of the defendant at this office except perhaps occasional visits of the officers of defendant and except as claimed by plaintiff and denied by defendant that cables were sent and telephone calls made from the New York office in connection with the *contract* in suit.

If the defendant may be held to have been doing business in New York, I am satisfied that it may only be so held by reason of the activities of the New York corporation and by reason of its close connection with this corporation, its subsidiary.

Plaintiff asserts several times in his brief that defendant has admitted in its affidavits that the New York corporation is the "exclusive agent of the defendant in New York." I find no such admission in the answering affidavits. There is an unqualified statement on the part of the defendant that the New York corporation does not act as agent for the Canadian corporation and has no authority to bind it in any way. It does act as exclusive distributor of the Canadian products in certain parts of the world.

A foreign corporation does not necessarily subject itself to the jurisdiction of a district where its wholly owned subsidiary does business. Cannon Mfg. Co. v. Cudahy Packing Co., 1925, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634.

Notwithstanding the modern trend of judicial thoughts to a more liberal inter-

744

pretation of what constitutes doing business by a foreign corporation in a district of which it is not an inhabitant, the Cannon case has been followed in this District down to as late as 1947. American Fire Prevention Bureau v. Automatic Sprinkler Co., D.C.1941, 42 F.Supp. 220, (Leibell); Amtorg Trading Corporation v. Standard Oil Co. of California, D.C.1942, 47 F.Supp. 466, (Bright); Schenstrom v. Continental Machines, Inc., D.C.1947, 7 F.R.D. 434, (Rifkind).

The following quotation from the Cannon case is most pertinent and applicable to the issue before me: "The defendant wanted to have business transactions with persons resident in North Carolina, but for reasons satisfactory to itself did not choose to enter the state in its corporate capacity. It might have conducted such business through an independent agency without subjecting itself to the jurisdiction. Bank of America v. Whitney Central National Bank, 261 U.S. 171, 43 S.Ct. 311, 67 L.Ed. 594. It preferred to employ a subsidiary corporation. Congress has not provided that a corporation of one state shall be amenable to suit in the federal court for another state in which the plaintiff resides, whenever it employs a subsidiary corporation as the instrumentality for doing business therein. Compare Lumiere v. Mae Edna Wilder, Inc., 261 U.S. 174, 177, 178, 43 S.Ct. 312, 67 L.Ed. 596. That such use of a subsidiary does not necessarily subject the parent corporation to the jurisdiction was settled by Conley v. Mathieson Alkali Works, 190 U.S. 406, 409-411, 23 S.Ct. 728, 47 L.Ed. 1113; Peterson v. Chicago, Rock Island & Pacific Ry. Co., 205 U.S. 364, 27 S.Ct. 513, 51 L.Ed. 841; and People's Tobacco Co., Ltd. v. American Tobacco Co., 246 U.S. 79, 87, 38 S.Ct. 233, 62 L.Ed. 587, Ann.Cas.1918C, 537. In the case at bar, the identity of interest may have been more complete and the exercise of control over the subsidiary more intimate than in the three cases cited, but that fact has, in the absence of an applicable statute, no legal significance. The corporate separation, though perhaps merely formal, was real. It was not pure fiction. There is here no attempt to hold the defendant liable for an act or omission of its subsidiary or to enforce as against the latter a liability of the defendant." 267 U.S. at pages 336-337, 45 S.Ct. at page 251, 69 L.Ed. 634.

There have been instances where the presence of a subsidiary was held to constitute the presence of the parent. It has been so held where neither the form nor the substance of independent personality was preserved. Schenstrom v. Continental Machines, Inc., supra.

In one of those cases above referred to, American Chain Co., Inc., v. Stewart-Warner Speedometer Corporation, D.C., 56 F.2d 614, Judge Thacher wrote: "Not even the forms, much less the substance, of independent personality were preserved, and, if in any case identity pro hac vice between two corporations may exist, the proofs establish it in this case."

I think we have a different situation here. We have, as in the Cannon case, corporate separation, though perhaps merely formal but real, not pure fiction. The New York corporation leases an office in its own name in New York. It has and pays its own employees. It maintains its own bank account in New York from which it pays its own expenses. It finances its buying and selling operations on its own credit. It maintains its own bank accounts separate from the Canadian company. It buys flour and other products mainly from the Canadian corporation. It sells these products for its own account, solicits orders for its own account, and its contracts with its customers are not required to be confirmed by the Canadian corporation.

I can only conclude from the affidavits before me that while the two corporations have the same name, the New York corporation is a separate corporation and a separate corporation entity and conducts its business as such.

I, therefore, find that the defendant was not doing business within the State of New York and this District to such an extent as to warrant the inference that it was present here when process was served and I, therefore, grant defendant's motion.

Settle order on notice.