**FERGUS MOTORS, Inc., Plaintiff,**

v.

**STANDARD–TRIUMPH MOTOR COM-
PANY, Inc., and The Standard Motor
Co., Ltd., Defendants.**

United States District Court
S. D. New York.

May 4, 1955.

Paul Wolfe, New York City, for plaintiff.

Cahill, Gordon, Reindel & Ohl, New York City for The Standard Motor Co., Ltd., defendant (John F. Sonnett, Asa D. Sokolow, New York City, of counsel).

THOMAS F. MURPHY, District Judge.

This is a motion by defendant, The Standard Motor Co., Ltd., a corporation organized under the laws of Great Britain, appearing specially herein, (a) to quash and vacate the purported service on it of the summons and complaint herein and (b) to dismiss the complaint herein upon the grounds that it is not doing business within the Southern District of New York and hence is not subject to the jurisdiction of this court.

The action is for breach of a contract made between plaintiff, a New York corporation and defendant, Standard-Triumph Motor Company, Inc., a Delaware

corporation with its principal office in New York, and qualified to do business in New York and California. Damages of $1 million are sought from defendants as allegedly resulting from the breach of contract, conspiracy by defendants to restrain plaintiff from carrying on its business and from libelous publications by defendants.

Process in the action was purported to be served on The Standard Motor Co., Ltd. (hereinafter called Standard, Ltd.) by personal service made on its Director of Export Sales and a member of its Board of Directors, William John Reeks Warren. The service was effected on July 9, 1954, in the office of John F. Sonnett, a member of the Board of Directors of The Standard-Triumph Motor Company, Inc. (hereinafter called Standard-Triumph) at 63 Wall Street, New York City.

The sole question presented by this motion is whether The Standard Motor Co., Ltd. was doing business within the Southern District of New York at the time of the commencement of this action.

■ What constitutes "doing business" for purposes of jurisdiction, venue and service of process in connection with a foreign corporation is a "decision * * * to be reached empirically on the particular facts".[1] What sort of facts in connection with the foreign corporation's activities within the judicial district must be weighed, has elsewhere been appraised by this court,[2] and does not require repetition here.

Defendant Standard, Ltd. is a British corporation engaged in annual manufacture of about 100,000 automobiles and the same number of tractors at its plant in Coventry where it employs about 13,000 people. In 1953–54, it sold 73,000 automobiles, exporting about 56 percent of these. In England, sales are made directly to independent dealers. Elsewhere in the world, they are shipped to independent distributors, or to subsidiaries owned wholly or in part by Standard, Ltd.

On October 7, 1953, Standard-Triumph was organized as a Delaware corporation whose shares were wholly owned by Standard, Ltd. Since early 1954, Standard-Triumph has imported Standard, Ltd. automobiles, sells them to two independent franchised distributors who in turn sell to dealers franchised by them.

Plaintiff insists that Standard, Ltd. is doing business for the purposes of jurisdiction and venue raised by this motion (I) through the agency of its subsidiary Standard-Triumph, and (II) on its own behalf.

## I

■ No doubt parent and subsidiary corporations may be regarded as a single entity in situations involving substantive law in order to serve the ends of justice. But the rule of Cannon Mfg. Co. v. Cudahy Packing Co.,[3] a case never distinguished or overruled by the Supreme Court so far as our research discloses, is firmly established that the conduct of business in a state by a foreign corporation through a subsidiary, owned and controlled by it, is not sufficient in itself to subject the parent corporation to the jurisdiction of that state. This is so no matter how completely the parent may dominate the subsidiary, and even though the subsidiary is no more than an instrumentality for carrying on its parent's business in the state. It may well be that the dominant motive in organizing the subsidiary is avoidance of suits. The parent corporation may be "attempting to avoid the status of principal vis-a-vis its subsidiaries. As principal it would have been subject to service of process through its agents; as owner of the subsidiary it was not." [4]

■ So long as separate identity of the subsidiary is real and formally pre-

---

1. Jacobowitz v. Thomson, 2 Cir., 141 F.2d 72, 75.

2. Ronson Art Metal Works, Inc., v. Brown & Bigelow, Inc., D.C.S.D.N.Y., 104 F.Supp. 716.

3. 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634.

4. National Carbide Corp. v. Commissioner of Internal Revenue, 336 U.S. 422, 439 note 21, 69 S.Ct. 726, 93 L.Ed. 779.

served, the foreign parent corporation must itself be carrying on the business in its own right in the district to subject it to local judicial jurisdiction. We are not persuaded that the subsidiary, defendant Standard-Triumph, which is concededly doing business in this judicial district, has its "existence \* \* \* manifested only in a set of books kept \* \* \* by the employees of the [parent] corporation for its convenience in order to record the activities of a department of its business",[5] or that the "attempted separation \* \* \* was pure fiction without reality in form or substance."[6] The instant subsidiary, defendant Standard-Triumph, has had since its organization its own separate offices in California and at two successive locations within this judicial district, its own books, records and ledgers, has carried on business in its own name (indeed it is party to the contract sued upon), and has a board of directors distinct from its parent. The circumstance that the subsidiary may have used the letterhead of its parent for a time or may have been ignored by plaintiff in placing an order for automobiles at the beginning of its operations is certainly not controlling.

## II

█ The activity of the parent Standard, Ltd. in this judicial district at the time of commencement of this action is bound up with the presence of three of its employees, Messrs. Warren, Andrews and Johnson. Mr. Warren, who was served with process in behalf of Standard, Ltd. is a member of its Board of Directors and its export sales director. Apparently his presence is in connection with intra organization affairs, as is that of his fellow employes. Whether such presence was sporadic or continuous at the time of commencement of this action is not at all clear from plaintiff's moving papers.[7] And on this motion plaintiff must sustain the burden of proving the presence of the defendant it undertakes to sue.[8]

█ In passing it should be noted that the parent Standard, Ltd. has never been resident in this judicial district; has no officers or directors residing here; has not qualified to do business here; has no books or records here; has never held directors' or shareholders' meetings here; has not owned or leased property of any kind here; maintains neither office nor bank accounts here; has no listing in directories or offices here; does no advertising here; and does not solicit and make collections here. "An 'estimate of the inconveniences' which would result to the corporation from a trial away from its 'home' or principal place of business,"[9] more than three thousand miles across an ocean from this continent, makes it unreasonable to require the corporation to defend the particular suit which is brought here.

Motion of defendant Standard, Ltd. is accordingly granted.

This is an order. No settlement is necessary.

5. Mas v. Orange-Crush Co., 4 Cir., 99 F.2d 675, 677. But cf. Hudson Minneapolis, Incorporated v. Hudson Motor Car Company, D.C.D.Minn., 124 F.Supp. 720.

6. American Chain Co., Inc., v. Stewart-Warner Speedometer Corp., D.C.S.D. N.Y., 56 F.2d 614, 616. See also Industrial Research Corp. v. General Motors Corp., D.C.N.D.W.D.Ohio, 29 F.2d 623.

7. Cf. Hutchinson v. Chase & Gilbert, 2 Cir., 45 F.2d 139; Hurley v. Wells New-ton Nat. Corp., D.C.D.Conn., 49 F.2d 914.

8. McNutt v. General Motors Acceptance Corporation, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Pure Oil Co. v. Puritan Oil Co., 2 Cir., 127 F.2d 6; Amtorg Trading Corp. v. Standard Oil Co., D.C. S.D.N.Y., 47 F.Supp. 466.

9. International Shoe Co. v. Washington, 326 U.S. 310, 316–317, 66 S.Ct. 154, 90 L.Ed. 95.