**STATE STREET TRUST COMPANY and John N. O'Donohue, as executors of the Estate of Ray L. Wilkinson, deceased, Plaintiffs,**

**v.**

**BRITISH OVERSEAS AIRWAYS CORPORATION and The De Havilland Aircraft Co., Ltd., Defendants.**

**Frank A. BAKER, individually and as executor of the will of Dorothy B. Baker, deceased, and on behalf of William K. Baker, Winifred L. Matthias and Luella K. Beecher, Plaintiff,**

**v.**

**BRITISH OVERSEAS AIRWAYS CORPORATION and The de Havilland Aircraft Co., Ltd., Defendants.**

United States District Court
S. D. New York.
Jan. 27, 1956.

Kingdom of Great Britain and Northern Ireland, moves to quash service of process upon it and to dismiss the complaints in the two above entitled actions in so far as they relate to this defendant on the ground that this defendant is a foreign corporation not subject to service of process within the State of New York, and that this defendant has not been served with process because the copies of the summons and complaint have not been delivered to any officer, director, managing agent or any agent authorized to receive service of process on its behalf and on the further ground that none of the plaintiffs is a resident of the State of New York and that this defendant is a foreign corporation, and the alleged causes of action did not arise within the State of New York and upon the ground that the plaintiffs are foreign executors and are without capacity to maintain the actions in the absence of compliance with the provisions of Sec. 160 of the Decedent Estate Law of the State of New York, McK.Consol.Laws, c. 13.

One of these actions has been brought to recover for the death of Ray L. Wilkinson in an airplane accident in the Mediterranean Sea on January 10, 1954 and the other for the death of Dorothy B. Baker likewise in an accident in the Mediterranean Sea April 8, 1954 through the alleged negligence of the defendant de Havilland Aircraft Co., Ltd., the manufacturers of the planes and the British Overseas Airways Corporation the operator thereof.

The defendant does not have any office, bank account, warehouse or any of its assets in this State. It has not appointed any agent in the State with authority to receive service of process on its behalf. It has not qualified to do business in this State. It never sold any aircraft within this State. The name of the defendant was not listed in the New York City telephone directory. Nor does it appear that it ever solicited business in this State.

The summonses and complaints were served upon Derek B. Taylor, defendant's "sales demonstration pilot" who

Theodore E. Wolcott, New York City, for plaintiff.

Haight, Deming, Gardner, Poor & Havens, New York City, for defendants.

BONDY, District Judge.

The defendant, de Havilland Aircraft Co., Ltd., a corporation organized and existing under the laws of the United

was sent to and remained in this country during the absence of Jan Fossett who returned to England in order to recuperate after having sustained injuries in an automobile accident. Taylor entered the United States under a visitor visa for a temporary stay and therein is described as "an aircraft pilot".

Jan Fossett was an employee and director of the de Havilland Aircraft, Inc., which is a Delaware corporation and a wholly owned subsidiary of the defendant. He was also employed by the defendant parent company and he used the subsidiary's office in this State. Apparently Taylor performed Fossett's duties for the parent company while Fossett was unable to work. Taylor was not an employee of the subsidiary. While in this country Taylor made a number of trips, including one to the West Indies, during which he demonstrated airplanes. But it does not appear that he ever demonstrated any airplane or solicited any business within the State of New York. He did spend a large part of his time here, however, only as a technical advisor, and he used the office of the subsidiary as such. The only activity in which he engaged in this State was to reply by letter to complaints by owners of de Havilland airplanes referred to him by de Havilland distributors in various parts of the country. He would give advice on replacement of parts and flying problems. A service engineer employed by the parent company also used the subsidiary's office from time to time, engaging in similar activities as Taylor. However, he would handle only complaints relating to mechanical difficulties. Neither had any authority to make any financial adjustments. It does not appear that they ever did any repair work. They reported to their home office and not to the subsidiary as to their work. Their main function was to maintain customer goodwill. So far as appears, this was the only activity in which the parent, de Havilland Co., Ltd., engaged in this State.

The subsidiary company, not a party to this suit, is wholly owned by the parent company. The subsidiary does business in this State. However, it sells only aircraft parts in this State and elsewhere that it purchases from the defendant and its other subsidiaries in England. It has its own separate financial structure and maintains a separate set of books. It has its own officers, pays the rent for the offices which it occupies and hires and fires its employees. The subsidiary corporation was organized October, 1954. It does not appear that it was organized with any intent to deceive or evade service. Before its organization the activities similar to which it now carries on had been carried on by the parent company itself in Linden, New Jersey in an office which defendant has since abandoned.

The alleged negligence did not involve any activity of the defendant within this State and did not take place in this country.

■ It is too well established to be questioned that the mere fact that a subsidiary corporation is doing business in a certain jurisdiction does not bring the parent into that jurisdiction if the "corporate separation, though perhaps merely formal, was real * * * not pure fiction" Cannon Mfg. Co. v. Cudahy Packing Co., 1925, 267 U.S. 333, 337, 45 S.Ct. 250, 251, 69 L.Ed. 634, and does not in such case constitute the subsidiary an agent of the parent company and accordingly service on the subsidiary is not service on the parent company. Echeverry v. Kellogg Switchboard & Supply Co., 2 Cir., 1949, 175 F.2d 900; Lane v. Maple Leaf Milling Co., D.C.1949, 87 F. Supp. 741; Schenstrom v. Continental Machines, Inc., D.C.1947, 7 F.R.D. 434.

■ The sole question here is whether the activities of the defendant are such that "taken together, [it is] * * * reasonable to impose such a burden [of suit] upon it." Hutchinson v. Chase & Gilbert, 2 Cir., 1930, 45 F.2d 139, 142; International Shoe Co. v. Washington, 1945, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. The facts here are similar to those in Echeverry v. Kellogg Switchboard & Supply Co., supra. The parent company

(Kellogg) had an employee in this jurisdiction who also worked for the subsidiary. " 'His sole duty and authority as an employee of Kellogg Company is to periodically call upon certain designated customers of Kellogg * * * and to discuss with them such problems as may arise from time to time in their use of equipment purchased from Kellogg Company. His efforts in this connection are designed to maintain customer good-will and satisfaction with the use of Kellogg Company products. His employment does not include the solicitation, nor does it authorize the acceptance, of orders from such customers * * * ' ", Echeverry v. Kellogg Switchboard & Supply Co., supra, 175 F.2d at page 902. The Court of Appeals affirmed the dismissal on the ground that the parent was not doing business within the State. This employee's duties were almost like those of Fossett and Taylor on behalf of the parent de Havilland Co., Ltd. The only difference is that de Havilland Co., Ltd., also had one full time employee who was here from time to time and who also engaged in activities similar to Fossett's. I believe this was not enough to constitute a distinction between the cases. Cf. Goldstein v. Chicago, R. I. & P. R. Co., D.C.1950, 93 F.Supp. 671, Webber v. Pan American Airways, D.C.1949, 85 F.Supp. 959, which follow a long line of railroad company and airline cases in which it was held that active solicitation in and from an office did not constitute presence.

Scholnik v. National Airlines, 6 Cir., 1955, 219 F.2d 115, upon which plaintiff relies involves an interchange of equipment and personnel between two contracting airlines and also agency, elements which are not present here.

■ I therefore conclude that the defendant was not doing business within the State to such extent as to warrant the inference that it was present within and amenable to process in this State.

Accordingly, the motions to quash service and dismiss the complaint as to defendant, de Havilland Co., Ltd., must be granted.