Constance **P. ANDERSON, individually and as Administratrix of the Estate of Clyde L. Anderson, deceased, and as mother, next friend, guardian and trustee of and for Mary Lou Anderson, Clyde Thomas Anderson, Lynne Anderson, Christian A. Anderson, Anne Anderson, Elaine Anderson, Fay Anderson and Jerome Anderson, Infants, Plaintiff,**

v.

**BRITISH OVERSEAS AIRWAYS CORPORATION, South African Airways and the de Havilland Aircraft Co., Ltd., Defendants.**

United States District Court
S. D. New York.
July 23, 1956.

544

Theodore E. Wolcott, New York City, for plaintiff.

Haight, Gardner, Poor & Havens, New York City, for defendant the de Havilland Aircraft Co., Ltd., appearing specially, Douglas B. Bowring, New York City, of counsel.

LEVET, District Judge.

The defendant, the de Havilland Aircraft Co., Ltd., has moved for an order dismissing the complaint herein insofar as it relates to said defendant and quashing the service of process upon said defendant on the ground that it is not doing business in New York and on the further ground that this Court should decline jurisdiction of an action between nonresidents for a tort arising outside of the state.

The plaintiff seeks to recover for the alleged wrongful death of Clyde L. Anderson, who was a citizen of the United States and a resident of Utah at the time of his death. The decedent was a passenger on a de Havilland Comet transport plane when it exploded over the Mediterranean on April 8, 1954. The defendant, the de Havilland Aircraft Co., Ltd., hereinafter referred to as "Limited," was the manufacturer of the transport plane and is an English corporation. Its principal offices and plants are located in England and Wales. From the affidavits submitted on this motion, it appears that said defendant has no office in the State of New York; it is not qualified to do business in New York; it has no assets in New York; it sells no airplanes in New York and it is not listed in the New York City telephone directory. Service of process was made upon Henry C. Hoffman, the secretary and treasurer of de Havilland Aircraft, Inc., hereinafter called "Inc.," a Delaware corporation doing business in New York. It appears that Mr. Hoffman is not an officer, director or employee of Limited, or of de Havilland Holdings Limited, an English holding company which owns all the stock of Inc. and Limited.

Inc. has its offices at LaGuardia Airport and is qualified and does do business in New York. None of the officers of Inc. is or was an officer, director or employee of Limited or of de Havilland Holdings Limited at the time when Mr. Hoffman was served with process in this action. All of the officers of Inc. receive their salaries from said corporation. However, three of the eight directors of Inc. are also directors of Limited and de Havilland Holdings Limited. Inc. pays rent for its office space out of its own funds; maintains its own bank accounts in New York City; pays its own operating expenses and maintains its own records, separate and apart from those of the two English companies.

Inc. is engaged in the business of buying and selling aircraft parts to its own customers in this country. Although it distributes some products for another English corporation, most of its sales are of products manufactured by and purchased from Limited at standard list prices, less discount. It sets its own selling price to its customers and take no products on consignment from the English companies. Inc. also offers advice and assistance to owners of airplanes manufactured by Limited, although it does not repair or service these planes. Service engineers employed by Limited have made use of the offices of Inc., but they do not have authority to enter into contracts or other binding agreements on behalf of any of the companies. They act to maintain Limited's good will with its customers in this country.

Inc. is not a defendant in this suit. Its officer was served with process on the theory that Inc. is the "managing agent" of Limited. Service of process upon Limited had previously been attempted in two related cases when an employee of Limited, who had been handling the affairs of Inc. while its president was ill, was served with copies of summonses and complaints. At that time Inc. was a wholly-owned subsidiary of Limited. On motion before Judge Bondy, it was held that Inc.'s relationship with Limited was not sufficient to render Limited amenable to process in New York. See State Street Trust Co. v. British Overseas Airways Corp. & the de Havilland Aircraft Co., Ltd. (Baker v. British Overseas Airways Corp. & the deHavilland Aircraft Co., Ltd.), D.C., 144 F.Supp. 241.

Between the time of the service in the two aforementioned cases and the service in this action, certain corporate changes have occurred including the fact that the stock of Inc. and Limited is now owned by the English holding company. In addition, Inc. is also the distributor for Valay Industries Limited, another English corporation which is not connected with the de Havilland companies. However, the main issue which is presented here is the same as the issues which were raised by the motions to dismiss decided by Judge Bondy in the aforementioned two related cases, namely, whether Limited is amenable to service in New York by reason of the fact that Inc. is doing business here.

At the outset, it should be noted that Limited's contention that this Court should decline jurisdiction of this action because the parties are non-residents and the accident occurred in Europe is not persuasive. Assuming, arguendo, the existence of a proper jurisdictional basis for suit in New York, this Court would be reluctant to hold that a citizen of the United States must go to a foreign country in order to seek redress for an alleged wrong. See Harrison v. United Fruit Company, D.C.S.D.N.Y., 141 F.Supp. 35. The issue then is whether Limited is present within the State of New York and, therefore, subject to the jurisdiction of this Court.

Originally, a defendant had to be physically present within a state in order for a court sitting in the state to acquire personal jurisdiction. Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565. The physical presence prerequisite was thereafter broadened so that a showing of certain minimum contacts within the concept of fair play and substantial justice enabled a court to render a binding in personam judgment. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278; Hess

v. Pawlowski, 274 U.S. 352, 47 S.Ct. 632, 71 L.Ed. 1091. A corporation manifests its presence in a state when its business activities in the state are systematic and continuous. In such case it will be required to defend any actions brought within the state to enforce obligations arising out of or connected with its activities within the state. International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. There is no quantitative test for determining when a corporation's activities are such that it has rendered itself amenable to suit, although it has been said that "given any continued local activities the strict requirement of 'presence' is satisfied; and that the rest is a matter of more or less." French v. Gibbs Corporation, 2 Cir., 1951, 189 F.2d 787, 790. The issue as to whether this Court has personal jurisdiction over a foreign corporate defendant must be determined in accordance with federal decisions. Satterfield v. Lehigh Valley Railroad Co., D.C.S.D.N.Y., 1955, 128 F.Supp. 669; Hedrick v. Canadian Pac. Ry. Co., D.C.1939, 28 F.Supp. 257.

 In the instant case it is conceded that Inc., the Delaware corporation, is doing business in New York. However, in order for the plaintiff to maintain this action against Limited, the English corporation, it is necessary for her to establish that Inc. is Limited's managing agent in New York. Thus, she must establish that the two corporations are not separate entities and that they are actually principal and agent.

The question concerning whether or not separate corporate entities exist for jurisdictional purposes has risen most frequently in the situation where one corporation owns or controls another subsidiary corporation. In such case the courts will examine the corporate structures and activities. The leading case on this point is Cannon Manufacturing Company v. Cudahy Packing Company, 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634. There, the defendant, a Maine corporation, marketed its products in North Carolina through a subsidiary which it completely dominated. Mr. Justice Brandeis concluded that the defendant corporation did not thereby do business in North Carolina so as to be amenable to suit. He stated the rule as follows:

"The defendant wanted to have business transactions with persons resident in North Carolina, but for reasons satisfactory to itself did not choose to enter the state in its corporate capacity. It might have conducted such business through an independent agency without subjecting itself to the jurisdiction. Bank of America v. Whitney Central National Bank, 261 U.S. 171, 43 S.Ct. 311, 67 L.Ed. 594. It preferred to employ a subsidiary corporation. Congress has not provided that a corporation of one state shall be amenable to suit in the federal court for another state in which the plaintiff resides, whenever it employs a subsidiary corporation as the instrumentality for doing business therein. Compare Lumiere v. Mae Edna Wilder, Inc., 261 U.S. 174, 177–178, 43 S.Ct. 312, 67 L.Ed. 596. That such use of a subsidiary does not necessarily subject the parent corporation to the jurisdiction was settled by Conley v. Mathieson Alkali Works, 190 U.S. 406, 409–411, 23 S.Ct. 728, 47 L.Ed. 1113; Peterson v. Chicago, Rock Island & Pacific Ry. Co., 205 U.S. 364, 27 S.Ct. 513, 51 L.Ed. 841; and People's Tobacco Co., Ltd. v. American Tobacco Co., 246 U.S. 79, 87, 38 S.Ct. 233, 62 L.Ed. 587. In the case at bar, the identity of interest may have been more complete and the exercise of control over the subsidiary more intimate than in the three cases cited, but that fact has, in the absence of an applicable statute, no legal significance. The corporate separation, though perhaps merely formal, was real. It was not pure fiction. There is here no attempt to hold the defendant liable for an act or omission of its subsidiary or to enforce as against the

latter a liability of the defendant. Hence, cases concerning substantive rights, like Hart Steel Company v. Railroad Supply Co., 244 U.S. 294, 37 S.Ct. 506, 61 L.Ed. 1148; Chicago etc., Ry. Co. v. Minneapolis Civic [& Commerce] Association, 247 U.S. 490, 38 S.Ct. 553, 62 L.Ed. 1229; Gulf Oil Corp. v. Lewellyn, 248 U.S. 71, 39 S.Ct. 35, 63 L.Ed. 133; and United States v. Lehigh Valley R. Co., 254 U.S. 255, 41 S.Ct. 104, 65 L.Ed. 253 have no application." 267 U.S. at pages 336–337, 45 S.Ct. at page 251.

The aforementioned statement by Mr. Justice Brandeis was quoted with approval in Echeverry v. Kellogg Switchboard & Supply Co., 2 Cir., 1949, 175 F. 2d 900, where it was held that a local subsidiary corporation whose vice-president was partly compensated by its foreign parent corporation and whose activities were designed to maintain customer good-will in the use of the parent corporation's products, did not thereby subject the parent corporation to service of process.

It is now well established that a foreign corporation which performs local activities of selling and distributing its products through a subsidiary which is owned and controlled by the parent, is not amenable to suit in the local forum even where the subsidiary is no more than an instrumentality for carrying on its parent's business in the forum. Fergus Motors, Inc. v. Standard-Triumph Motor Company, Inc., D.C.S.D.N.Y.1955, 130 F. Supp. 780. The preservation of the separate identities precludes rendering the parent amenable to suit on the basis of the local subsidiary's activities. Amtorg Trading Corporation v. Standard Oil Co. of California, D.C.S.D.N.Y.1942, 47 F. Supp. 466; American Fire Prevention Bureau, Inc., v. Automatic Sprinkler Co. of America, D.C.S.D.N.Y.1941, 42 F. Supp. 220. It is only when a parent corporation directs and manages the affairs of its subsidiary so as to deprive it of any independent corporate existence or financial responsibility, will the activities

of the subsidiary be regarded as those of the parent. American Chain Co., Inc., v. Stewart-Warner Speedometer Corp., D. C.S.D.N.Y.1929, 56 F.2d 614.

The corporate structure of Inc., the Delaware corporation, is factually similar to that of the local subsidiary corporation in Lane v. Maple Leaf Milling Co., Limited, D.C.S.D.N.Y.1949, 87 F.Supp. 741, which was described as follows:

"* * * The New York corporation leases an office in its own name in New York. It has and pays its own employees. It maintains its own bank account in New York from which it pays its own expenses. It finances its buying and selling operations on its own credit. It maintains its own bank accounts separate from the Canadian company. It buys flour and other products mainly from the Canadian corporation. It sells these products for its own account, solicits orders for its own account, and its contracts with its customers are not required to be confirmed by the Canadian corporation.

"I can only conclude from the affidavits before me that while the two corporations have the same name, the New York corporation is a separate corporation and a separate corporation entity and conducts its business as such." At page 744.

In the case at bar the relationship between Inc. and Limited is even more remote than one of parent and subsidiary. They are both co-subsidiaries of a common English parent, namely, de Havilland Holdings Limited. The affidavits and exhibits which have been submitted on this motion do not support plaintiff's contention that Inc. is the New York managing agent for Limited. Both corporations have preserved their own identities and exist as separate entities.

Plaintiff has not established that the defendant, de Havilland Aircraft Co., Ltd., is doing business in New York so as to be subject to personal jurisdiction in this action by reason of the service of

process on de Havilland Aircraft, Inc. Therefore, the motion to dismiss the complaint herein, insofar as it relates to defendant de Havilland Aircraft Co., Ltd., and to quash the service of process upon said defendant must be granted.

Settle order on notice.